IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JORDAN MILES**, an adult individual, | ) CIVIL ACTION )  ) |
| **Plaintiff**, | ) ) |
| vs. | ) NO. ) |
| **CITY OF PITTSBURGH**, a municipal corporation; **MICHAEL SALDUTTE**, individually and in his official capacities as a Police Officer of the City of Pittsburgh; **DAVID SISAK**, individually and in his official capacities as a Police Officer of the City of Pittsburgh; **RICHARD EWING**, individually and in his official capacities as a Police Officer of the City of Pittsburgh, | ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) |

## COMPLAINT

AND NOW, comes the Plaintiff, JORDAN MILES, an adult individual, by and through his attorneys, J. Kerrington Lewis, Esquire and the law firm of Lewis, Lewis & Reilly, and files the within Complaint and in support thereof, aver as follows:

### *JURISDICTION*

1. This Court has jurisdiction over this matter pursuant to 42 U.S.C. §1983, 1331 and 1343. Plaintiff raises claims under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

## *PARTIES*

2. Plaintiff JORDAN MILES is a citizen of the United States, County of Allegheny, at all times material to this Complaint.

3. Defendant CITY OF PITTSBURGH (hereinafter "CITY"), is a municipal corporation within the Commonwealth of Pennsylvania, with administrative offices located at 414 Grant Street, 5th Floor, Room 512, Pittsburgh, Allegheny County, Pennsylvania 15219.

4. Defendant Officer MICHAEL SALDUTTE (hereinafter "SALDUTTE") is an adult individual residing in the Western District of Pennsylvania and was a police officer for the City of Pittsburgh Police Department acting under color of state law at all times material to this Complaint.

5. Defendant Officer DAVID SISAK (hereinafter "SISAK") is an adult individual residing in the Western District of Pennsylvania and was a police officer for the City of Pittsburgh Police Department acting under color of state law at all times material to this Complaint.

6. Defendant Officer RICHARD EWING (hereinafter "EWING") is an adult individual residing in the Western District of Pennsylvania and was a police officer for the City of Pittsburgh Police Department acting under color of state law at all times material to this Complaint.

## *STATEMENT OF FACTS*

7. On or about January 12, 2010, the Plaintiff, Jordan Miles, exited his mother's residence on Tioga Street in the City of Pittsburgh and began walking to his grandmother's home located nearby.

8. After walking a short distance, the Plaintiff observed an unmarked vehicle speed toward him and swerve in front of the Plaintiff and came to a stop.

9. Occupying the vehicle were the individual Defendants dressed in dark clothing.

10. Once stopped the Defendants exited the vehicle, one of them yelling, "Where's your money? Where's the drugs? Where's the gun?" and moved quickly toward the Plaintiff.

11. The Plaintiff believed he was going to be attacked and robbed so he began to run from the Defendants.

12. Plaintiff was able to go a short distance until he slipped and fell at which time the Defendant Saldutte grabbed hold of the Plaintiff.

13. Defendants Sisak and Ewing were punching and kicking and kneeing the Plaintiff. At one point, the Plaintiff's coat was ripped off his back by one of the officers.

14. Defendants' jointly and severally beat, kicked, kneed and choked the Plaintiff. Defendants repeatedly pushed Plaintiff's face into the ground and pulled his hair from his scalp.

15. After handcuffing the Plaintiff, the Defendants pushed his face into the ground repeatedly and caused Plaintiff's gums to be impaled with a piece of wood.

16. Plaintiff was eventually handcuffed believing that he was going to be kidnaped or killed began saying "The Lord's Prayer" at which time the Defendant told him to "shut up" and choked the Plaintiff and then slammed Plaintiff's face into the snow.

17. Plaintiff then began whispering his prayer when another Defendant told Plaintiff, "Didn't he tell you to shut up?" and once again Plaintiff was choked and then his face was slammed into the snow and ground.

18. Plaintiff remained face down in the snow for a protracted period of time, he attempted to pull his head up from the ground and was hit with a hard object in the face.

19. Eventually, a City of Pittsburgh Police wagon arrived with uniformed officers. Plaintiff was transported to the Allegheny County Jail but officials at the jail directed Defendant City's officers to transport Plaintiff to a hospital because of his obvious physical injuries.

20. Plaintiff required Emergency Room treatment at West Penn Hospital for a head injury, facial contusions, removal of wood impaled in Plaintiff's gums. Plaintiff was subsequently treated in UPMC Shadyside for conjunctival hemorrhage, bilateral rib injuries, abdominal pain, bilateral hip pain, bilateral shoulder pain and hematoma.

21. Defendants' jointly and severally decided to file a Criminal Complaint against the Plaintiff charging Plaintiff with loitering and prowling, aggravated assault, resisting arrest, and escape, while knowing Plaintiff did not commit those crimes.

22. Defendants jointly and severally in preparing the Affidavit of Probable Cause to support the Complaint against the Plaintiff willfully made false statements regarding finding a Mountain Dew in Plaintiff's coat, knowing that no such bottle was found or ever existed.

23. Defendants' jointly and severally knowingly fabricated witness Monica Wooding's statement in the Affidavit to support a bogus charge of loitering and prowling against Plaintiff..

24. Defendants' jointly and severally willfully fabricated a statement that Plaintiff "appeared to be under the influence of controlled substances" notwithstanding the police drug tests administered prior to the preparation of the Affidavit showed Plaintiff tested negative for drugs.

25. Plaintiff was arrested by Defendants without probable cause, knowing that the only crimes committed were those committed by the Defendants in beating Plaintiff to a pulp.

26. Defendants jointly and severally subverted and corrupted the judicial process, to charge Plaintiff with crimes knowing the charges were false and knowing the evidence was fabricated.

27. Defendants jointly and severally violated Plaintiff's Fourth Amendment and Fourteenth Amendment rights by using excessive and unnecessary force in their apprehension, and post-arrest conduct.

28. Defendants jointly and severally caused Plaintiff to suffer severe and permanent physical and emotional injuries requiring medical treatment together with medical expenses. Further, Defendants' said conduct caused Plaintiff loss of health and vitality, pain and suffering and humiliation.

## *FIRST CAUSE OF ACTION EXCESSIVE USE OF FORCE UNDER 42 USC §1983*

### *Excessive Use of Force by Defendants Saldutte, Sisak and Ewing*

29. Plaintiff incorporates Paragraphs one through twenty-eight (1 - 28) of this Complaint by reference hereto.

30. At the time and date aforementioned, Defendants Saldutte Sisak and Ewing used unnecessary and excessive force in the unlawful arrest of Plaintiff.

31. Defendants in placing Plaintiff under arrest did punch, kick, knee, batter and abuse Plaintiff when in fact he offered no resistance other than to protect himself.

32. Plaintiff at no time did or in fact was able to resist the Defendants who physically assaulted him.

33. As a direct result of the said unlawful and malicious physical abuse of Plaintiff by Defendants Saldutte, Sisak and Ewing committed under color of law and under each Defendant's authority as a City of Pittsburgh Police Officer, Plaintiff suffered serious bodily harm and was deprived of his right to secure his person against unreasonable search and seizure of his person, and the use of excessive force, all of which was in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 USC §1983.

34. As a result of Defendants' conduct, Plaintiff suffered physical, emotional and psychological injuries, all of which occurred by reason of the beating and trauma described above.

35. Plaintiff has sustained special damages including medical expenses past and present and will continue to sustain expenses in the future. Plaintiff has suffered loss of his general good health and vitality.

36. Defendants' acts were intentional, wanton, malicious and oppressive entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests judgment against Defendants jointly and severally for compensatory damages and for punitive damages including costs of this action, attorney fees and all other relief the Court deems appropriate under the circumstances.

## *SECOND CAUSE OF ACTION FALSE ARREST AND IMPRISONMENT*

*False Arrest and Imprisonment by Defendants Saldutte, Sisak and Ewing*

37. Plaintiff incorporates Paragraphs one through thirty-six (1 - 36) of this Complaint by reference hereto.

38. Defendants Saldutte, Sisak and Ewing acting individually and together with others resulted in Plaintiff being falsely, maliciously and unlawfully arrested and detained and Plaintiff was deprived of his rights as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

39. By reason of Defendants' conduct, Plaintiff was deprived of his liberty, subjected to criminal prosecution and required to obtain bond and legal counsel.

40. Plaintiff was required to expend monies for legal defense, investigation and other costs as a result of Defendants' said conduct.

WHEREFORE, Plaintiff requests judgment against the Defendants Saldutte, Sisak and Ewing jointly and severally for compensatory and punitive damages plus the costs of this action, attorney fees and such other relief as the Court deems appropriate.

### THIRD CAUSE OF ACTION

*Initiation and Pursuit of Prosecution Without Probable Cause*

41. Plaintiff incorporates Paragraphs one through forty (1 - 40) of this Complaint by reference hereto.

42. Defendants Saldutte, Sisak and Ewing individually and/or together in concert caused the criminal charges of aggravated assault, loitering and prowling, resisting arrest and escape to issue against Plaintiff and assisted in the prosecution of those charges.

43. Defendants Saldutte, Sisak and Ewing were each motivated in the pursuit of criminal charges against Plaintiff not by the belief that the charges had any factual or legal merit, or that probable cause for their issuance existed, but rather for improper, illegal and abusive purposes.

44. Defendants Saldutte, Sisak and Ewing falsified their official reports, offered perjured testimony, falsified the Affidavit of Probable Cause, fabricated evidence and illegally disposed of physical evidence, all of which was done with the intent to secure a conviction against the Plaintiff.

45. Defendants Saldutte, Sisak and Ewing initiated bogus criminal charges against Plaintiff to protect themselves from civil and criminal liability, believing that charging the Plaintiff with crimes could cover up, whitewash and justify Defendants' crimes against Plaintiff as set out above.

46. Defendants' conduct violated both the Fourth and Fourteenth Amendments of the United States Constitution and was done with the specific intent to corrupt the criminal process and utilize it to frame Plaintiff.

WHEREFORE, Plaintiff requests judgment against the Defendants Saldutte, Sisak and Ewing jointly and severally for compensatory and punitive damages plus the costs of this action, attorney fees and such other relief as the Court deems appropriate.

### *FOURTH CAUSE OF ACTION*

*State Cause of Action - Malicious Prosecution Based on Pendant Jurisdiction*

47. Plaintiff incorporates Paragraphs one through forty-six (1 - 46) of this Complaint by reference hereto.

48. Defendants attempted to maliciously prosecute Plaintiff by:

   a. The initiation of a criminal proceeding against the Plaintiff;

   b. The absence of probable cause for the initiation of a criminal proceeding against the Plaintiff;

   c. The termination of the proceedings in favor of the Plaintiff; and

   d. The Defendants acted maliciously, wantonly, and recklessly.

49. As a result of Defendants' actions as aforementioned, Plaintiff was caused to expend funds on the securing of legal counsel, as well as securing scientific evidence by way of an expert, to assist him in the defense of the prosecution aforementioned, all to his financial detriment.

50. As a result of Defendants' actions as aforementioned, Plaintiff was caused to suffer pain and suffering, humiliation and distress.

WHEREFORE, Plaintiff request judgment against Defendant City of Pittsburgh and Defendants Saldutte, Sisak and Ewing for compensatory damages, plus costs of this action, attorney fees, and such other relief as the Court deems fair and appropriate.

### *FIFTH CAUSE OF ACTION*

*Municipal Liability - For Failure to Properly Train, Supervise and Discipline*

51. Plaintiff incorporates Paragraphs one through fifty (1 - 50) of this Complaint by reference hereto.

52. Plaintiff alleges that following the dismissal of the criminal charges against him as a direct result of the actions of the District Attorney, the Superintendent of the Police Department of City of Pittsburgh acting through its supervising agents failed to make any inquiry or investigation, or in any way appropriately discipline the offending police officers.

53. Plaintiff, based upon information and upon the circumstances surrounding his contact with the Police Department of City of Pittsburgh, believes that there exists, and has existed for a time prior to the incident relating to the Plaintiff, a deliberate indifference by the Defendant City to the complaints of citizens regarding the alleged improper actions of its police officers.

54. As a result of the deliberate indifference of the Defendant City and its failure to properly discipline, supervise and adequately train the members of its Police Department, and the actions taken against the Plaintiff, said Defendant City through its supervising agents has tacitly authorized, as well as initiated a pattern and practice which has permitted and/or will permit police officers such as the Defendants herein to violate the United States Constitution and the laws of the Commonwealth of Pennsylvania.

55. Plaintiff further alleges, upon information and belief, that the supervising agents responsible for overseeing and reviewing acts of the Defendant City's Police Department have also failed to establish a training program, disciplinary or supervisory procedures adequate to enable police officers to carry out their duties.

56. Plaintiff further alleges, upon information and belief, that:

   a. The Defendant City failed to train, supervise and discipline its police officers;

   b. Any program that was provided by the Defendant City to train, supervise and discipline its police officers was inadequate to enable said officers to carry out their duties;

   c. The Defendant City was aware of the obvious need for and inadequacy of said programs, so as to result in the violation of Constitutional rights;

   d. The Defendant City knew or should have known that the failure to properly train, supervise and discipline its police officers was likely to result in the violation of Constitutional rights;

   e. The Defendant City policymakers were deliberately indifferent to the need for such training, supervision and discipline to protect the rights of Plaintiff and other citizens;

    f.    The failure of the Defendant City to provide the proper training, supervision and discipline has caused the Plaintiff and others to suffer violations of their Constitutional rights and created an environment which encourages police officers to take the law into their own hands.

57. All of the above actions have in the past contributed, and will in the future continue to contribute, to the improper treatment of citizens of Defendant City, and those passing through its physical boundaries, so as to imply, by its failure to act, the Defendant City tacitly authorizes a pattern and practice as previously set forth herein.

58. As a direct and proximate result of the Defendants' actions as herein alleged, Plaintiff was caused to suffer physical and emotional injuries, some of which may be permanent; has suffered special damages in the form of medical expenses; was required to obtain legal counsel, at substantial expense and inconvenience, was required to secure a scientific expert to assist him in his defense, and will suffer additional special damages in the future, the amounts of which have not been fully determined, all to his financial detriment.

WHEREFORE, Plaintiff requests judgment against Defendant City of Pittsburgh for compensatory damages, plus cots of this action, attorney fees, and such other relief as the Court deems fair and appropriate under the circumstances.

### SIXTH CAUSE OF ACTION

*State Cause of Action - False Imprisonment*

59. Plaintiff incorporates Paragraphs one through fifty-eight (1 - 58) of this Complaint by reference hereto.

60. As a result of the unlawful actions of the Police Department of the Defendant City,

a cause of action has previously been stated for false imprisonment, by the actions of its police officers Saldutte, Sisak and Ewing.

WHEREFORE, Plaintiff requests judgment against Defendant City of Pittsburgh for compensatory damages, plus costs of this action, attorney fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## SEVENTH CAUSE OF ACTION

### *State Cause of Action - Assault and Battery*

61. Plaintiff incorporates Paragraphs one through sixty (1 - 60) of this Complaint by reference hereto.

62. As a result of the unlawful actions of the Police Department of the Defendant City, a cause of action has previously been stated for assault and battery, by the actions of its police officers Saldutte, Sisak and Ewing.

WHEREFORE, Plaintiff requests judgment against Defendant City of Pittsburgh for compensatory damages, plus costs of this action, attorney fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## RELIEF

WHEREFORE, Plaintiff requests the following relief from the Defendants herein:

a. Declaratory judgment that the policies and practices, and the acts complained of, are illegal and unconstitutional;

b. Permanent injunction limiting the Defendants contact with the public;

c. Compensatory damages;

d. Punitive damages;

e. Reasonable attorney fees and costs; and

f.  Such other and further relief as appears reasonable and just.

**Plaintiff hereby demands a jury trial.**

>Respectfully submitted,
>
>LEWIS, LEWIS & REILLY
>
>
>By: /s/J. Kerrington Lewis
>   J. Kerrington Lewis, Esquire
>   PA. I.D. #15575
>   1040 Fifth Avenue
>   Pittsburgh, PA 15219
>   (412) 391-0818
>
>*Counsel for Plaintiff*