IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN MILES, | CIVIL ACTION |
| Plaintiff, | |
| v. | CA No.  10-cv-01135-GLL |
| CITY OF PITTSBURGH, MICHAEL SALDUTTE, DAVID SISAK,  and RICHARD EWING | U.S. District Court Judge Gary L. Lancaster |
| | *Electronically Filed* |
| Defendants, | **JURY TRIAL DEMANDED** |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

**AND NOW** comes the City of Pittsburgh, by and through its undersigned counsel, and file the within Answer and Affirmative Defenses to the Plaintiff's Complaint and in support thereof, set forth as follows:

1. The allegations contained in Paragraph 1 of Plaintiff's Complaint are legal conclusions which require no responsive pleading.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. After reasonable investigation, this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 7 of Plaintiff's Complaint.  The same are therefore denied and strict proof is demanded at the time of trial.

8. After reasonable investigation, this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 8 of Plaintiff's Complaint. The same are therefore denied and strict proof is demanded at the time of trial.

9. Admitted to the extent that the individual Defendants were in a vehicle that approached Plaintiff on the date referenced. Concerning the clothing of the individual Defendants, after reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 9 of Plaintiff's Complaint. The same are therefore denied and strict proof is demanded at the time of trial.

10. Denied. To the contrary it is believed and therefore heard that the individual Defendants did not make the statements as alleged.

11. After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 11 referencing what Plaintiff believed. The same are therefore denied and strict proof is demanded at the time of trial. To the extent in Paragraph 11 of the Complaint indicates Plaintiff began to run, the same is Admitted.

12. Admitted. To the extent the Plaintiff did slip and fall and, at such point one of the Officers did attempt to take control of the Plaintiff.

13. The allegations contained in Paragraph 13 of the Complaint are admitted only to the extent that the individual Defendants were struggling with the Plaintiff, who was, in turn, struggling and fighting back in his efforts to resist the efforts of the individual Defendants to secure the Plaintiff.

14. The allegations contained in Paragraph 14 of the Complaint are denied. It is Admitted, however, that force was used to attempt to obtain compliance and control over the struggling and resisting Plaintiff.

15. The allegations contained in Paragraph 15 of the Complaint are denied.

16. After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 16 of Plaintiff's Complaint. To the extent Plaintiff alleges he was "choked" and slammed into the ground after handcuffing, the allegations are denied.

17. Denied.

18. The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied to the extent they allege he was hit in the face with a hard object after he was handcuffed. It is admitted Plaintiff may have lain on the ground for a period of time after he was handcuffed.

19. Admitted only to the extent that Plaintiff was transported by City of Pittsburgh police officers to West Penn Hospital and then to the Allegheny County Jail.

20. After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 20 of Plaintiff's Complaint. The allegations are therefore denied and strict proof is demanded at the time of trial.

21. After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 21 of Plaintiff's Complaint. The allegations are therefore denied and strict proof is demanded at the time of trial.

22. After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 22 of Plaintiff's Complaint. The allegations are therefore denied and strict proof is demanded at the time of trial.

23. After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 23 of Plaintiff's Complaint. The allegations are therefore denied and strict proof is demanded at the time of trial.

24. After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 24 of Plaintiff's Complaint. The allegations are therefore denied and strict proof is demanded at the time of trial.

25. The allegations contained in Paragraph 25 of Plaintiff's Complaint are legal conclusions which require no responsive pleading. To the extent Paragraph 25 alleges knowledge on the part of the individual Defendants, after reasonable investigation this defendant is without sufficient knowledge, information or belief to form a response. The allegations are therefore denied and strict proof is demanded at the time of trial.

26. After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 26 of Plaintiff's Complaint. The allegations are therefore denied and strict proof is demanded at the time of trial.

27. The allegations contained in Paragraph 27 of Plaintiff's Complaint are legal conclusions which require no responsive pleading.

28.	After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 28 of Plaintiff's Complaint. The allegations are therefore denied and strict proof is demanded at the time of trial.

### FIRST CAUSE OF ACTION EXCESSIVE USE OF FORCE UNDER 42 USC § 1983
### *Excessive Use of Force by Defendants, Saldutte, Sisak and Ewing*

29.	Defendant incorporates Paragraphs one through twenty-eight (1-28) of its Answer to the Complaint as if the same were herein set out at length.

30.	The allegations contained in Paragraph 30 of Plaintiff's Complaint contain legal conclusions which require no responsive pleading.

31.	The allegations contained in Paragraph 31 are denied.

32.	The allegations contained in Paragraph 32 are denied.

33.	The allegations contained in Paragraph 33 of Plaintiff's Complaint contain legal conclusions which require no responsive pleading.

34.	After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 34 of Plaintiff's Complaint. The allegations are therefore denied and strict proof is demanded at the time of trial.

35.	After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 35 of Plaintiff's Complaint. The allegations are therefore denied and strict proof is demanded at the time of trial.

36.     The allegations contained in Paragraph 36 of Plaintiff's Complaint contain legal conclusions which require no responsive pleading.

WHEREFORE, this Defendant demands judgment in its favor.

## SECOND CAUSE OF ACTION FALSE ARREST AND IMPRISONMENT

### *False Arrest and Imprisonment by Defendants Saldutte, Sisak and Ewing*

37.     Defendant incorporates Paragraphs one through thirty-six (1-36) of its Answer to the Complaint as if the same were herein set out at length.

38.     The allegations contained in Paragraph 38 of Plaintiff's Complaint contain legal conclusions which require no responsive pleading.

39.     The allegations contained in Paragraph 39 of Plaintiff's Complaint contain legal conclusions which require no responsive pleading.

40.     After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 40 of Plaintiff's Complaint.  The allegations are therefore denied and strict proof is demanded at time of trial.

WHEREFORE, this Defendant demands judgment in its favor.

## THIRD CAUSE OF ACTION

### *Initiation and Pursuit of Prosecution Without Probable Cause*

41.     Defendant incorporates Paragraphs one through 40 (1-40) of its Answer to the Complaint as if the same were herein set out at length.

42.     Admitted, only to the extent that criminal charges were brought against Plaintiff.

43.     After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 43 of

Plaintiff's Complaint. The allegations are therefore denied and strict proof is demanded at the time of trial.

44. After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 44 of Plaintiff's Complaint. The allegations are therefore denied and strict proof is demanded at the time of trial.

45. After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 44 of Plaintiff's Complaint. The allegations are therefore denied and strict proof is demanded at the time of trial.

46. The allegations contained in Paragraph 46 of Plaintiff's Complaint are legal conclusions which require no responsive pleading.

WHEREFORE, this Defendant demands judgment in its favor.

## FOURTH CAUSE OF ACTION

### State Cause of Action – Malicious Prosecution Based on Pendant Jurisdiction

47. Defendant incorporates Paragraphs one through forty-six (1-46) of its Answer to the Complaint as if the same were herein set out at length.

48. This Defendant denies the allegations in Paragraph 48 as it did not, and as a municipal Defendant, can not take the steps as alleged. To the extent this Paragraph is directed only at the individual Defendants, it is admitted that the individual police officers filed the necessary paperwork to initiate the criminal proceedings against the Plaintiff. The allegation of absence of probable cause is a legal conclusion which requires no responsive pleading. It is admitted that charges against Plaintiff were

dismissed. The allegations that the individual Defendants acted maliciously, wantonly, and recklessly are legal conclusions which require no responsive pleading. To the extent a response is deemed necessary, the allegations are denied.

49. After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 49 of Plaintiff's Complaint. The allegations are therefore denied and strict proof is demanded at the time of trial.

50. After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 50 of Plaintiff's Complaint. The allegations are therefore denied and strict proof is demanded at the time of trial.

WHEREFORE this Defendant demands judgment in its favor.

### FITH CAUSE OF ACTION

*Municipal Liability – For Failure to Properly Train, Supervise and Discipline*

51. Defendant incorporates Paragraphs one through 50 (1-50) of its Answer to the Complaint as if the same were herein set out at length.

52. The allegations contained in Paragraph 52 of Plaintiff's Complaint are denied. To the contrary, to this Defendant's understanding the District Attorney did not dismiss the criminal charges. To the contrary, the Magisterial District Court Judge made that decision. It is further denied that the City has failed to inquire and or investigate. Again, to the contrary, the office of municipal investigation has engaged in an investigation in this matter. To the extent the allegation claims there has not been appropriate discipline

for the offending officers, that allegation is untimely as, at the time of the preparation of this Answer, the OMI investigation and a federal investigation are still pending.

53. After reasonable investigation this Defendant is without sufficient knowledge, information or belief to form a response to the allegations contained in Paragraph 53 concerning the Plaintiff's beliefs as to the existence of indifference. The allegations are therefore denied and strict proof is demanded at the time of trial.

54. Denied. To the contrary, the City of Pittsburgh maintains appropriate discipline, supervision and training procedures.

55. Denied. To the contrary, the supervising agents have established appropriate training, discipline and supervisory procedures.

56. Allegations contained in Paragraph 56 including sub-allegations (a-f) are denied. To the contrary the City of Pittsburgh did properly train, discipline and supervise its officers and further was not indifferent as alleged.

57. Denied.

58. Denied.

WHEREFORE this Defendant demands judgment in its favor.

### SIXTH CAUSE OF ACTION

*State Cause of Action – False Imprisonment*

59. Defendant incorporates Paragraphs one through 58 (1-58) of its Answer to the Complaint as if the same were herein set out at length.

60. The allegations contained in Paragraph 60 of Plaintiff's Complaint appear to be legal conclusions which require no responsive pleadings. To the extent a response is deemed necessary, the allegations are denied.

WHEREFORE this Defendant demands judgment in its favor.

## SEVENTH CAUSE OF ACTION

### *State Cause of Action – Assault and Battery*

61. Plaintiff incorporates Paragraphs one through sixty (1-60) of its Answer to the Complaint as if the same were herein set out at length.

62. The allegations contained in Paragraph 62 of Plaintiff's Complaint appear to be legal conclusions which require no responsive pleadings. To the extent a response is deemed necessary, the allegations are denied.

WHEREFORE this Defendant demands judgment in its favor.

## *AFFIRMATIVE DEFENSES*

1. At all points in time, it is believed that the Officer's acted in good faith and are therefore entitled to qualified immunity as they did not violate any clearly established rights possessed by the Plaintiff.

2. In the unlikely event that a jury should find that Officers' conduct constituted a crime, willful misconduct or conduct inconsistent with City policy, then Officers' remain personally liable to the Plaintiff and the City of Pittsburgh has no such corresponding liability to Plaintiff.

3. The Defendant City of Pittsburgh maintains and imposes adequate and reasonable customs, policies and practices, including training practices, procedures, discipline and review, in relation to the operation of the police department.

4. The Plaintiff has no claim, under law for punitive damages against the City of Pittsburgh.

5. The officer's had probable cause to arrest Plaintiff and Plaintiff, by and through his own conduct at the scene, forced the officers to utilize non-deadly force to take him into custody.

6. The Plaintiff's own actions, were the direct and proximate cause of his arrest, incarceration and other alleged damages.

7. The Plaintiff did engage in the conduct and crimes for which he was charged.

8. The Plaintiff has failed to state a cause of action, for several of his counts, for which relief can be granted against this Defendant.

9. This Defendant claims any and all defenses available to it under the terms and provisions of the Political Subdivision Tort Claims Act (42 Pa.C.S.A. 8541, et seq.)

WHEREFORE, the City of Pittsburgh denies any liability and requests judgment in its favor.

A JURY TRIAL IS DEMANDED

Respectfully submitted,

/s/ *Michael Kennedy*
Michael E. Kennedy
Assistant City Solicitor
Pa. I.D. #52780

/s/ *Daniel D. Regan*
Daniel D. Regan
City Solicitor
Pa. I.D. #89141

City of Pittsburgh
Department of Law
Firm #046
313 City-County Building
414 Grant Street

Pittsburgh, PA  15219
(412) 255-2002