IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN MILES, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 10-1135 |
| CITY OF PITTSBURGH, et al. | ) |
| Defendants. | ) |

MEMORANDUM

Gary L. Lancaster                                September 6, 2011
Chief Judge.

This is an action in civil rights. Miles alleges that three City of Pittsburgh Police Officers engaged in racial profiling, excessive force, and malicious prosecution in connection with his January 2010 arrest, in violation of his constitutional rights, and Pennsylvania law. Miles seeks injunctive relief, as well as compensatory and punitive damages, and attorney's fees. The City of Pittsburgh has filed a motion asking this court to order disclosure of the grand jury testimony of all witnesses taken during the federal government's investigation of Miles' arrest. [doc. no. 30]. Miles has joined the motion [doc. no. 36][1], which is opposed by the United States [doc. no. 38].

---

[1] Miles' joinder of the City's motion contains no new substantive arguments, evidence, or legal authority. Therefore, throughout this opinion, we refer simply to the City's motion.

Because The City of Pittsburgh has failed to make any of the showings required under Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218 (1979) before a court can order disclosure of secret grand jury testimony, we deny the motion.

I.   FACTUAL BACKGROUND

Jordan Miles was arrested on January 12, 2010 in the Homewood neighborhood of Pittsburgh, Pennsylvania on charges of loitering, prowling, assault, resisting arrest, and escape. Miles alleges that during the arrest he was punched, kicked, kneed, choked, slammed face first into the ground, and otherwise physically beaten, causing serious injuries that required attention at a hospital Emergency Room immediately following his arrest. All charges against Miles were dismissed at his preliminary hearing.

Shortly after Miles' arrest, the United States Department of Justice initiated an investigation to determine whether criminal charges should be brought against the three arresting officers based on allegations of excessive force. However, on May 4, 2011, the government announced that there was insufficient evidence to prove beyond a reasonable doubt that any of the three officers willfully deprived Miles of a constitutional right. During the investigation the United States Attorney's Office for the Western District of

Pennsylvania, the Civil Rights Division of the United States Department of Justice, and the FBI reportedly visited the scene of the incident, conducted interviews of more than forty witnesses, and reviewed police reports, medical records, photographs, laboratory reports, cell phone records, and other documentation.

Miles has filed a civil lawsuit in this court against the three police officers and The City of Pittsburgh alleging violations of his civil rights and seeking monetary damages. This court has twice extended the deadline to complete fact discovery. The discovery cut-off date is now October 1, 2011. One reason the parties sought the most recent extension was the pendency of the City's instant motion to compel. [doc. no. 30]. By that motion, the City seeks an order directing the government to produce, for use in connection with pretrial and trial preparation the "grand jury testimony of all witnesses taken in this matter..." Id. at 1. The City contends that it is entitled to this testimony pursuant to the Jencks Act and/or Brady v. Maryland, 373 U.S. 83 (1963) and Federal Rule of Criminal Procedure 6(e).

II.  DISCUSSION

    A.  Jencks Act and/or Brady

Neither the Jencks Act nor Brady require that we order the government to provide the requested grand jury testimony to the City for use in this civil lawsuit. The Jencks Act is strictly limited by its own terms to criminal proceedings. 18 U.S.C. § 3500. The City itself acknowledges this limitation of the Jencks Act, both explicitly, and by virtue of citing exclusively to criminal cases in its motion. See doc. no. 30 at ¶¶ 8-9. Because this is a civil lawsuit, the Act is not applicable and cannot provide a basis for granting the City access to the requested grand jury testimony. The City's contention that the 5th and 6th Amendments require that the Jencks Act be extended to apply to civil cases is entirely unsupported.

Likewise, Brady v. Maryland (see id. at ¶ 8(e)) fails to provide a basis for the City's requested relief. Brady is also a rule that was established in and applies to criminal cases. See e.g., U.S. v. Zimmerman, 71 Fed. Appx. 897 (3d Cir. 2003); U.S. v. Starusko, 729 F.2d 256 (3d Cir. 1984); United States v. Higgs, 713 F.2d 39, 42 (3d Cir. 1983). The City has offered no authority, or even any particularized argument, in support of extending Brady's protections and procedures to civil lawsuits. The court has failed to locate any such authority through its independent research. See S.E.C. v. Pentagon

Capital Mng't PLC, 2010 WL 4608681, *2 n.2 (S.D.N.Y. Nov. 12, 2010) (noting that whether Brady and Giglio can even be used in civil enforcement proceedings brought by governmental agencies is still an open question).

B.   Federal Rule of Criminal Procedure 6(e)

Federal Rule of Criminal Procedure 6(e) generally protects and preserves the secrecy of grand jury proceedings, which secrecy is essential to the proper functioning of the system. Douglas Oil Co., 441 U.S. at 218. However, the rule does permit disclosure of "a grand-jury matter preliminarily to or in connection with a judicial proceeding." Fed.R.Crim.P. 6(e)(3)(E)(i). In order to obtain access to grand jury material under this exception, a party must make a strong showing of a particularized need for the information that outweighs the public interest in grand jury secrecy. United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989).

More specifically, the party seeking disclosure must show: (1) that the material is needed to avoid a possible injustice in another judicial proceeding; (2) that the need for disclosure is greater than the need for secrecy; and (3) that the request is structured to cover only material that is needed. Douglas Oil Co., 441 U.S. at 222. Because the City has failed to make an adequate showing on any of the Douglas Oil factors,

5

we deny its motion.

As an initial matter, we note that the City has failed to cite Douglas Oil in its motion. It follows, therefore, that the City has failed to address any of the three Douglas Oil factors. However, we have reviewed the City's motion in an attempt to align the evidence and/or arguments made therein with the Douglas Oil factors. The City contends in its motion that failure to order disclosure of the requested grand jury testimony: "…would adversely affect [the City's] right to be tried fairly, impartially, and consistent with fundamental notions of due process of law"; would "…severely limit[] its ability to adequately prepare a defense, establish inconsistencies,…and evaluate the likelihood of any successful affirmative defenses"; and would allow the federal government to limit and control the City's pretrial preparation and strategy development. The City further argues that disclosure is appropriate because the "indictment is not sealed" and "the Grand Jury has completed its deliberations in this matter." These generalized allegations fail to justify disclosure of the secret grand jury testimony sought by the City in this case.

The City has failed to make any showing under the first Douglas Oil factor that the grand jury testimony is needed to avoid an injustice. The City has done no more than generally allege that its defense in this civil lawsuit would be compromised without access to all grand jury testimony. However, at the time the City filed this motion seven months of fact discovery had been completed. We are now in the final month of the twice extended fact discovery period. The City has made no showing that it has been unable to obtain information by using the ordinary tools of civil discovery. A desire to shortcut the civil discovery process is not a sufficient reason to request disclosure of secret grand jury testimony. United States v. Procter & Gamble Co., 356 U.S. 677, 682-83 (1958); Camiolo v. State Farm Fire and Cas. Co., 334 F.3d 345, 359-60 n.11 (3d Cir. 2003). Nor is a generalized interest in impeaching or refreshing the recollection of trial witnesses. See Pakistan Int'l Airlines Corp. v. McDonnell Douglas Corp., 94 F.R.D. 566, 567 n.1 (D.D.C. 1982). The City must do more than assert an interest in and desire to obtain grand jury testimony to assist in preparation of its defense in a civil case in order to satisfy the first Douglas Oil factor.

The City has also failed to demonstrate that the need for disclosure is greater than the need for secrecy under the second Douglas Oil factor. On this point the City simply contends that disclosure is appropriate because the grand jury has completed its deliberations. However, completion of the grand jury proceedings is not dispositive of this factor. Douglas Oil Co., 441 U.S. at 222; United States v. Smith, 123 F.3d 140, 148 (3d Cir. 1997). The United States Supreme Court has repeatedly recognized that secrecy of grand jury proceedings is indispensible. Douglas Oil Co., 441 U.S. at 218-19; Procter & Gamble, 356 U.S. at 682-83. The interests protected by keeping grand jury proceedings secret do not vanish when the matter is completed. As such, the City has failed to make an adequate showing under the second Douglas Oil factor.

Finally, the City has made absolutely no showing that its request is structured to cover only material that is needed, as is required under the third Douglas Oil factor. To the contrary, in fact, the City has made a wholesale request for any and all grand jury testimony without any attempt to identify those grand jury witnesses who will testify at the civil trial or to prove that it was unable to obtain discovery of certain grand jury witnesses through the ordinary course of civil discovery. As such, the City cannot satisfy the final Douglas Oil factor.

8

IV. CONCLUSION

Because Brady and the Jencks Act do not apply to civil lawsuits, and because the City has failed to make an adequate showing under any of the three Douglas Oil factors, we must deny its motion to compel production of grand jury testimony. We do so without prejudice in the event that a more compelling need for a limited disclosure should arise in the future.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN MILES, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 10-1135 |
| CITY OF PITTSBURGH, et al. | ) |
| Defendants. | ) |

## ORDER

AND NOW, this 6th day of September, 2011, IT IS HEREBY ORDERED that The City of Pittsburgh's Motion to Compel Early Production of Grand Jury Testimony [doc. no. 30] is DENIED, without prejudice.

BY THE COURT,

_____, C.J.

cc: All Counsel of Record