IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JORDAN MILES,                        )
        Plaintiff,                   )
                                     )
    v.                               )   Civil Action No. 10-1135
                                     )
MICHAEL SALDUTTE, et al.             )
        Defendants.                  )

MEMORANDUM

Gary L. Lancaster                              May 3, 2012
Chief Judge.

        This is an action in civil rights. Miles alleges that

three City of Pittsburgh Police Officers violated his rights

under the United States Constitution and Pennsylvania law by

subjecting him to excessive force during his arrest, and by

arresting, imprisoning, ' and prosecuting him without probable

cause. Miles seeks injunctive relief, as well as compensatory

and punitive damages, and attorneys' fees.

        Before the court are various discovery-related

motions. [doc. nos. 51, 52, and 56]. For the reasons set forth

below, we deny the Officers' motion for an order directing Miles

to submit to a mental examination [doc. no. 51] and their second

motion to compel release of grand jury testimony [doc. no. 52].

We grant Miles' motion for leave to conduct discovery of

recently disclosed investigations [doc. no. 56].

## I.   FACTUAL BACKGROUND

Detailed facts regarding this matter can be found in this court's previous opinion denying defendants' first motion to compel release of grand jury testimony. [doc. no. 41]. Other facts will be discussed in context where relevant to a particular motion.   By way only of general background, we include the following short summary.   Jordan Miles was arrested on January 12, 2010 in the Homewood neighborhood of Pittsburgh, Pennsylvania on charges of loitering and prowling, assault, resisting arrest, and escape.   Miles alleges that during the arrest he was punched, kicked, kneed, choked, slammed face first into the ground, and otherwise physically beaten, causing serious injuries that required attention at a hospital emergency room immediately following his arrest.   All criminal charges against Miles were dismissed at his preliminary hearing.

Miles filed a civil lawsuit in this court against the three police officers who arrested him and The City of Pittsburgh alleging violations of his civil rights and seeking monetary damages.   Miles has agreed to withdraw all claims against the City of Pittsburgh, with the understanding that the City will indemnify the individual officers should they be found liable in this action. [doc. nos. 65, 66].   Although the City filed the two pending motions in conjunction with the Officers, we will now refer to them simply as the Officers' motions.

2

## II.    DISCUSSION

### A.    Motion for Order Compelling Examination of Miles

The Officers have filed a motion for an order directing Miles to submit to an examination by Dr. Bruce Wright, a psychiatrist. [doc. no. 51]. The Officers allege that this examination is necessary in order to defend against Miles' damages claims and to ascertain the true nature and extent of Miles' cognitive injuries. [Id. at ¶¶ 1-3]. The Officers describe the scope of the requested examination as "…to inquire into Plaintiff's alleged mental/psychiatric injuries and [to] require a face-to-face examination with Dr. Wright…[to] include the taking of tests which are deemed a part of such mental examination, whether or not accompanied by the use of electrical, mechanical, or other devices of common use in the medical profession for the purpose." [Id. at ¶ 7].

Miles opposes the motion in the ground that Dr. Wright's name was never previously disclosed as a potential expert witness, that the motion does not specific the exact tests that will be conducted, that the proposed expert can opine on the Officers' behalf without an examination by reviewing Miles' medical records, and that Dr. Wright has a conflict of interest because he is an affiliate of University of Pittsburgh Medical Center, which is where Miles received treatment. [doc. no. 54].

3

We deny the Officers' motion because it is untimely. A mental examination of a party is a form of discovery set forth in the Federal Rules of Civil Procedure. FED. R. CIV. P. 35(a). It must be completed during the discovery period. 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2234 at n.4 (3d ed. 2010). The fact-discovery cut-off date was October 1, 2011 and expert reports were to have been exchanged no later than December 22, 2011, with expert depositions to be completed by January 23, 2012. [doc. nos. 18, 32, and 45]. The Officers filed this motion on March 22, 2012, months after any of these deadlines passed.

Miles alleged in his complaint that he suffered severe and permanent emotional and psychological injuries to include pain and suffering, humiliation, and distress. [doc. no. 1 at, e.g., ¶¶ 28, 34, and 50]. Therefore, Miles' mental health condition has been at issue since August 30, 2010. The Officers acknowledged this by questioning Miles about his mental health condition at his deposition. [doc. no. 51 at ¶ 1]. Yet, they have offered no explanation as to why they did not seek a mental examination during the fact discovery period, nor obtain and disclose an expert in this area by the deadlines set forth above.

4

Knowing Miles' mental state was at issue in this case, and planning to challenge any claim that he suffered any actual mental harm due to the January 2010 incident, the Officers had the obligation to conduct any and all relevant discovery on the issue, including expert discovery, within the deadlines set forth by the Court.

Because the motion is untimely, and the Officers have made no showing of good cause for the delay, we deny the motion.

### B.   Second Motion to Compel Grand Jury Testimony

The Officers have filed a second motion to compel release of grand jury testimony. [doc. no. 52]. In it, they ask that we order the U.S. Department of Justice to release to them the grand jury testimony of Ryan Allen and Zephon Williams. Allen and Williams were friends of Miles' at the time of his January 2010 arrest, and spoke with Miles about the incident shortly after it occurred. Notably, neither Allen, nor Williams are currently listed as trial witnesses in Miles' Pre-Trial Statement. [doc. no. 67]. We previously denied a request for the release of all grand jury witness testimony made by the City, the Officers, and Miles. [doc. no. 41]. Miles now opposes this second motion to compel release of the grand jury testimony, as does the United States. [doc. no. 58, 62]. We find that the Officers have failed to justify release of the

5

grand jury testimony and accordingly deny the motion.

We have previously set forth the legal requirements that a movant must meet in order to overcome the presumption in favor of maintaining the secrecy of grand jury proceedings and to make the necessary strong showing of a particularized need for the grand jury testimony pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i). [doc. no. 41 at pp. 5-8]; Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218 (1979); United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989). In that prior opinion we also set forth the three Douglas Oil factors: (1) that the material is needed to avoid a possible injustice in another judicial proceeding; (2) that the need for disclosure is greater than the need for secrecy; and (3) that the request is structured to cover only material that is needed. Douglas Oil Co., 441 U.S. at 222.

The Officers contend that they are entitled to release of the grand jury testimony under each factor of the Douglas Oil test. First, they argue that release is required in order to avoid a "grave injustice." [doc. no. 53 at p. 4]. In short, the Officers believe that the grand jury testimony will reveal that Miles, Williams and/or Allen have lied or will lie about two key facts: (1) whether Miles had a Mountain Dew bottle in his jacket when he was arrested; and (2) whether Miles was walking between houses or in the street when the plainclothes officers

6

approached him. Both facts are indeed crucial to any reasonable suspicion and probable cause determinations to be made in this case.

Second, the officers contend that the need for secrecy is outweighed in this case because the grand jury proceedings are over, because they were unable to obtain the testimony during the normal course of civil discovery, and because the equities weigh in favor of allowing the Officers to prove that key witnesses are lying. Finally, the Officers argue that they have satisfied the third Douglas Oil factor because their request is limited to only two witnesses' testimony.

The only differences between this second motion to compel release of grand jury testimony, and the first are: (1) that the scope has been limited to two witnesses; and (2) that the second motion has been filed five months after discovery ended and only four months before trial is scheduled to begin. The first difference would weigh in favor of granting this second motion, while the second difference would weigh against granting it. All other facts remain substantially the same, as does our analysis. As we stated in our first opinion, a desire to shortcut the civil discovery process and a generalized interest in impeaching witnesses is not a sufficient reason to request disclosure of secret grand jury testimony. [doc. no. 41 at p. 7].

This statement is equally applicable to the Officers' second motion. As Miles correctly notes, Allen and Williams were disclosed to the City as key fact witnesses during the discovery period. Yet, the Officers never sought to depose either of them. Instead, they engaged private investigators to interview the teenagers after the twice-extended discovery period had ended. Remarkably, in those interviews both witnesses either attested to facts favoring the Officers or admitted that they told the grand jury a version of the facts that favored the Officers, but had since recanted that version of the facts. As such, depositions would likely have provided the Officers with the ammunition needed to attack Miles' version of the facts, or the witnesses' credibility at trial. That the Officers chose not to avail themselves of this tool of civil discovery does not create a "grave injustice" or an inequity requiring the release of secret grand jury testimony. As such, our conclusion on the first Douglas Oil factor remains the same.

Likewise, our analysis of the second Douglas Oil factor still applies with equal force. The fact that the grand jury proceedings are concluded is not dispositive. [doc. no. 41 at p. 8]. The Officers' new arguments that the equities weigh in favor of disclosure because such disclosure will reveal that Miles, Allen, and Williams are lying and that there was no other way for the Officers to obtain this information through civil

8

discovery are without merit in light of our discussion above. The Officers had every right and opportunity to depose Allen and Williams.    Based on the results of the private investigators' interviews, those depositions would have likely resulted in favorable testimony, making use of grand jury transcripts unnecessary and superfluous.    That they chose not to depose these witnesses does not create a situation in which we must sacrifice grand jury secrecy in favor of disclosure.

For these reasons, we conclude that the Officers have failed to make the required showing to justify an order from this Court directing the United States to release secret grand jury testimony transcripts to a civil litigant.    Therefore, we deny the motion.

C.    Motion for Discovery of Defendants' Investigations

Miles has filed a motion seeking leave to conduct discovery into investigations conducted by private investigators hired by the Officers. [doc. no. 56].    The Officers object to Miles' request on the ground that the investigations are work product, protected against discovery pursuant to Federal Rule of Civil Procedure 26(b)(3).    The Officers also oppose the motion on the ground that Miles' contention that he did not receive copies of the investigative reports until March 26, 2012, when the Officers filed them under seal with the Court in conjunction

9

with their second motion for release of grand jury testimony, is false. The Officers have attached a letter demonstrating that the investigative reports were sent to Miles' attorneys on March 1, 2012.

Although we are perplexed as to why Miles does not acknowledge receipt of the reports with the March 1, 2012 letter, this fact is not relevant to our disposition of this motion. Regardless of when, or whether, Miles received that March 1, 2012 letter, the letter itself wholly undermines the Officers' opposition to Miles' motion. Even were we to accept the Officers' contention that the investigative reports are work product, the March 1, 2012 letter demonstrates unequivocally that the Officers waived that privilege by disclosing them to Miles "[p]ursuant to [Miles'] earlier discovery request." [doc. no. 64-1]; In re Chevron Corp., 633 F.3d 153, 165 (3d Cir. 2011) (citing Westinghouse Electric Corp. v. Republic of Philippines, 951 F.2d 1414, 1427-29 (3d Cir. 1991)); Montgomery County v. MicroVote Corp., 175 F.3d 296, 304 (3d Cir. 1999) (same). As such, the Officers' position that Miles is entitled to no discovery of these investigations because they are work product is without merit.

Because any privilege has been waived, and because Miles could not have sought this discovery before expiration of the fact discovery period, which closed five months before the reports were disclosed, we will grant Miles limited discovery into these investigations. Such discovery shall consist of one deposition, limited to one day of seven hours, of each of Bill Lintz, William Turner, and Jack Linn. Any documents now existing that are responsive to Miles' document requests shall be provided to Miles within ten days of entry of the accompanying order on the Court's docket. Miles is permitted to follow up on each deposition with a set of requests for the production of documents, which must be directed specifically to seek the production of materials related to matters identified, referenced, or discussed during said depositions.

## IV.  CONCLUSION

For the foregoing reasons, we deny each of the Officers' motions and grant Miles' motion.

An appropriate order will be filed contemporaneously with this memorandum.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JORDAN MILES,                          )
            Plaintiff,                 )
                                       )
     v.                                )     Civil Action No. 10-1135
                                       )
MICHAEL SALDUTTE, et al.               )
            Defendants.                )

## ORDER

AND NOW, this 3rd day of May, 2012, it is HEREBY ORDERED that the Officers' motion for an order directing Miles to submit to a mental examination [doc. no. 51] is DENIED;

IT IS FURTHER ORDERED that the Officers' second motion to compel release of grand jury testimony [doc. no. 52] is DENIED; and

IT IS FINALLY ORDERED that Miles' motion for leave to conduct discovery of investigations [doc. no. 56] is GRANTED, in accordance with the terms set forth in the memorandum opinion filed contemporaneously with this order.

BY THE COURT,

_____, C.J.

cc:  All Counsel of Record