IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDAN MILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-1135 |
| | ) | |
| MICHAEL SALDUTTE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM

Gary L. Lancaster                                      June 29, 2012
Chief Judge.

This is an action in civil rights. Miles alleges that three City of Pittsburgh Police Officers violated his rights under the United States Constitution by subjecting him to excessive force during his arrest, and by arresting, imprisoning, and prosecuting him without probable cause. On June 29, 2012, the court held an informal conference, in Chambers, to discuss matters related to trial management and scheduling. During that conference several substantive matters were discussed. This opinion will address those matters. We include no factual summary as we write only for the parties. Detailed facts can be found in this court's prior opinions. [doc. nos. 41, 72, 84].

I.  Motion to Bifurcate

First, the Officers' motion to bifurcate the trial [doc. no. 106] is denied. A court may bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize." FED. R. CIV. P. 42(b). The Officers argue that bifurcating liability and damages could result in a shorter trial because a damages trial would not be necessary unless the jury first found that the Officers were liable. They also argue that not bifurcating the trial would subject them to prejudice because the jury would award Miles damages for his injuries due to sympathy rather than based on whether the Officers are legally liable for his injuries under the applicable legal standards. Neither argument justifies bifurcation under the circumstances of this case.

The first provides a possible justification for bifurcating only if the jury rules against Miles on liability. In that case it is true that the trial would be shorter because the damages phase would never be reached. However, we have no way of predicting what a jury will decide on the issue of liability, and must presume that there is an equal chance that the jury will find the Officers liable, in which case the damages phase of the trial will be necessary. As such, this argument provides just as much justification for not bifurcating the trial as for bifurcating it.

2

The second argument assumes that the jury will disregard its instructions and duty to base its verdict on the law and evidence, and not on sympathy. We will not assume that a duly sworn federal jury will do so, and therefore, this argument does not justify bifurcating the trial.

For these reasons the Officers' motion to bifurcate is denied.

II. <u>Identification of Claims to be Tried to Jury</u>

Second, at the June 29th conference the court discussed what claims alleged in the Complaint would be submitted to the jury for verdict. [doc. no. 1]. There was no dispute that the Fifth Cause of Action was no longer viable and that the First Cause of Action stated a viable Fourth/Fourteenth Amendment excessive force claim and that the Second Cause of Action stated a viable Fourth/Fourteenth Amendment false arrest claim. However, there was disagreement as to whether the Sixth and Seventh Causes of Action remained viable and as to the proper scope of the Third and Fourth Causes of Action. For purposes of clarity as the trial date approaches, we now make the following rulings.

The Sixth and Seventh Causes of Action allege claims for false imprisonment and assault and battery under Pennsylvania law. Both causes of action seek judgment only against the City of Pittsburgh. As an initial matter, the City is no longer a party to this case, and therefore, it is impossible for the court to enter the relief Miles seeks on these claims. In addition, even if Miles sought to amend his complaint at this late juncture to seek relief against the Officers on these claims, we would find such amendment to be improper and futile as Miles has abandoned these claims. By way of example, in his proposed jury instructions, doc. no. 124, Miles includes no instructions directed to these state law claims. Similarly, in a statement of claims made directly to the court in conjunction with the June 29th conference, Miles makes no reference to any state law claims. As such, the Sixth and Seventh Causes of Action will not be tried to the jury.

Turning now to the Third and Fourth Causes of Action, we find that each states a claim for malicious prosecution, one under federal law and one under state law. However, for the first time in his proposed jury instructions, Miles contends that he has also asserted a substantive due process claim under the Fourteenth Amendment for denial of his constitutional right of access to the courts. [doc. no. 124 at ¶ 27]. Upon questioning, Miles' counsel contended at the June 29th conference

4

that the substantive due process claim was encompassed within the allegations made in the Third and/or Fourth Causes of Action.

We can easily dispense with the argument that the claim was pled in the Fourth Cause of Action. That cause of action is entitled "State Cause of Action – Malicious Prosecution Based on Pendant Jurisdiction." [doc. no. 1 at p. 9]. There is no possible way to construe this state cause of action as pleading a constitutional claim.

Similarly, we conclude that the claim has not been pled in the Third Cause of Action. As an initial matter, Miles concedes that he has asserted a malicious prosecution claim under both the Fourth Amendment and Pennsylvania law. The only possible cause of action in the Complaint that could state the constitutional version of this claim is the Third Cause of Action. However, Miles now contends that the Third Cause of Action actually states a substantive due process claim for denial of his right of access to the courts. These positions are inconsistent. Moreover, we conclude that the Third Cause of Action is not pled sufficiently to give the Officers notice that both a Fourth Amendment malicious prosecution claim and a Fourteenth Amendment substantive due process claim are being asserted therein. Instead, we find that the allegations in the Third Cause of Action regarding the falsification and

fabrication of evidence can only be reasonably read as having been made in order to support the requirement that a malicious prosecution claim include proof that the criminal charges were pursued maliciously or without an interest in bringing Miles to justice.

At this juncture we would not allow Miles an opportunity to amend his pleadings to raise this newly created substantive due process claim. Discovery is closed. The claim raises new facts and places existing facts in a different constitutional context. There would be unfair surprise and undue prejudice in allowing Miles to add the claim now. Furthermore, we find that any amendment would be futile. As Miles himself acknowledges, this type of substantive due process claim stems from Smith v. Marasco, 318 F.3d 497 (3d Cir. 2003). That very case states that the claim exists only if it is based on "…prefiling conduct that either prevents a plaintiff from filing suit or renders the plaintiff's access to the court ineffective or meaningless…" Id. at 511. The cause of action cannot exist where, as here, a plaintiff has been able to file a case and develop facts sufficient to bring the case to trial. Id. at 512; see e.g., Burkett v. Newman, 2012 WL 1038914, *3-5 (W.D. Pa. Feb. 12, 2012); Naluan v. Purfield, 2006 WL 3208771, *3-4 (E.D. Pa. Nov. 2, 2006).

6

Finally, although the Fourth Cause of Action states a viable malicious prosecution claim under Pennsylvania law, the Officers have conceded that a seizure occurred for purposes of the Fourth Amendment malicious prosecution claim. [doc. no. 91 at p. 15]. Given that a seizure is the only element that makes a Fourth Amendment malicious prosecution claim different from a Pennsylvania law malicious prosecution claim, the two causes of action are now identical. As such, only the Fourth Amendment malicious prosecution claim will be submitted to the jury for verdict. Notably, in his statement of claims, Miles includes discussion and citation to authority for his Fourth Amendment malicious prosecution claim only.

An appropriate order reflecting these ruling will be filed contemporaneously with this opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JORDAN MILES,                    )
                                 )
        Plaintiff,                )
                                 )
    v.                            )    Civil Action No. 10-1135
                                 )
MICHAEL SALDUTTE, et al.         )
                                 )
        Defendants.               )

### ORDER

AND NOW, this 29th day of June, 2012, it is HEREBY ORDERED that defendants' motion to bifurcate [doc. no. 106] is DENIED; and

IT IS FURTHER ORDERED that the following causes of action will be tried to the jury: Fourth Amendment False Arrest Claim; Fourth Amendment Excessive Force Claim; and Fourth Amendment Malicious Prosecution Claim.

BY THE COURT,

_____, C.J.

cc: All Counsel of Record