```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JORDAN MILES,                    )
          Plaintiff,             )
                                 )
     v.                          )  Civil Action No. 10-1135
                                 )
MICHAEL SALDUTTE, DAVID SISAK    )
and RICHARD EWING,               )
          Defendants.            )
```

**ORDER OF JURY SELECTION PROCEDURE**

Once the jury panel has been placed in the courtroom, the Deputy Clerk will administer the following oath to the panel, en banc:

> "You and each of you do solemnly swear
> and affirm that any statement you make
> in this room in the cause now trying
> shall be the truth, the whole truth, and
> nothing but the truth, and you do so
> under the pains and penalties of
> perjury."

Once the oath has been administered, the Courtroom Deputy will then address the panel as follows:

1. "The caption of this case is <u>Jordan Miles v. Michael Saldutte, David Sisak and Richard Ewing, individually</u> and in their official capacities as a Police Officer of the City of Pittsburgh and is docketed at this Court's Civil Action No. <u>10-1135</u>."

2. "The PLAINTIFF in this case is <u>Jordan Miles</u>. Do any of you know <u>Mr. Miles</u>?"

3. "The DEFENDANTS in this case are <u>Michael Saldutte, David Sisak and Richard Ewing</u>. Do any of you know either <u>Mr. Saldutte, Mr. Sisak and/or Mr. Ewing</u>?"

4.  "The PLAINTIFF is represented by Attorneys <u>J. Kerrington Lewis of the law firm of Lewis and Lewis and Timothy P. O'Brien.</u>"

5.  "DEFENDANT SALDUTTE is represented by Attorney <u>A. Bryan Campbell.</u>"

    "DEFENDANT SISAK is represented by Attorney <u>James A. Wymard.</u>"

    "DEFENDANT EWING is represented by Attorney <u>Robert R. Leight of the law firm of Pietragallo, Bosick & Gordon.</u>"

6.  "Do any of you know any of these attorneys? Have they, or any member of their firms, ever represented you or a member of your immediate family, if you know?"

7.  "Are you, or any member of your immediate family employed by the City of Pittsburgh? If so, what do they do?"

8.  "Do any of you have any difficulty in seeing or hearing, or understanding the English language, that would impair your full attention to the trial?"

9.  "Do any of you take medication that might make you drowsy or prevent you from giving your full concentration during the course of this trial?"

10. "Do any of you have any physical problems that would make it difficult for you to sit as a juror in this case?"

11.   "Witnesses in this case may be any or all of the following:

R. Paul McCauley
Patricia Porter
Terez Miles
Monica Wooding
Jamiah Anderson
James Randall Taylor
David Horak
Darren Fedorski
Raymond Ichenmiller
Sean Castafani
Lamar Johnson
Candace Foster
A. Ron Roberts
Cheryl Watson
Karen C. Kennedy
Sonia Bush
Keith Nemeth
Nathan Harper
Scott Schubert
RaShall Brackney
Lisa McCoy
Patricia Coleman
Jeffrey Abrahim
Dalia Hall
Jay Leathers
Joshua S. Fenton
Maria Francis Twichell
Matt Hastings
Tad T. Gorske
James L. Kenkel
Thomas P. Martin
Austin Evans
Vicky Mitchell-Taylor
Dawn Gibson
Samuel Gibson
Scott Gibson
Joseph Stine
Michael Saldutte
David Sisak
Richard Ewing
Roy Dean
Charles Henderson
Ryan Allen
Zephon Williams
Anthony Negron
Richard Hopson
Kevin Kraus
David Wright

```
            Dan Connelly
            Mildred Jenkins
            Yolanda Roberts
            Bill Lintz
            Bill Turner
            Jack Lynn
            Robert Lee
            Gregory Habib

            Do you know any of these witnesses?
```

After the above questions have been asked of the jury, en banc, the jurors will be seated in the jury box. A panel of 20 jurors will be seated in the courtroom. Individual voir dire will then begin in the jury deliberation room in the order in which the jurors were seated.  The entire courtroom will then be instructed as follows:

> "While you are seated here in the Courtroom, please do not discuss any of the questions I've asked, nor any of the answers you've given.  Also, please do not discuss this case among yourselves, nor do any independent research.  Please do not use any electronic device or media while you are seated here in the Courtroom.  This includes cell phones, smart phones or iPads, and includes using the internet, text messages, or any instant messaging or chat service.  Please don't visit any internet chat room, blog, website, or social media site such as Facebook, Twitter, MySpace, or YouTube.  In short, please do not communicate about this case with anyone in any way or use any outside sources to research this case, both now and throughout the trial."

Pursuant to Local Rule 47.1(C), the Courtroom Deputy will ask each juror the following:

1. "Where do you live (city and county only)?"

2. "What is your occupation and for whom do you work?"

3. "Are you married? If so, what is your spouse's occupation and for whom does he or she work?"

4. "Do you have any children? Are they in school or employed? If employed, for what do they do and for whom do they work?"

5. "Do you own or rent your current home?"

6. "What is the extent of your education? Do you have any post-college education?"

7. "Do you have an attorney? If so, what is your attorney's name? Have you ever had the occasion to use an attorney? If so, for what?"

8. "Have you ever been a party to a lawsuit?"

    (a) plaintiff or defendant?
    (b) type of lawsuit and result?
    (c) effect on jury service?

9. "Have you ever been involved in or witnessed an incident, other than what you have seen or heard regarding this case, where the police arrested someone or used force against someone? If yes:

    a. Where and when did it occur?
    b. How did you feel the police officer conducted him/herself?"

10. "Have you ever been involved in a criminal matter in any court that concerned yourself, a member of your family, or a close friend as a defendant, a witness, or a victim?  If so, please tell us the circumstances of that experience and the result.

    a.  Were you satisfied with the way the police and courts handled your case?

    b.  In light of your experience, would you be able to rendering a fair and impartial verdict in this case?"

11. "Have you or any member of your immediate family ever been employed in law enforcement or some other security capacity?  If so, do you think that, on account of such employment, you would be inclined to view the facts in this case more favorably to the defendant police officers than to the plaintiff who is not a police officer?"

12. "Do you or any member of your immediate family socialize on a regular basis with anyone employed in law enforcement or some other security capacity?  If so, do you believe that, on account of such social interaction, you would be inclined to view the facts in this case more favorably to the defendant police officers than to the plaintiff who is not a police officer?"

13. "Have you ever belonged to the National Rifle Association or any other organization that is concerned with protecting the right to own weapons? If yes, what was/is the extent of your participation in the organization? If so, do you believe that your involvement in such organizations would cause you to view this case more or less favorable to either of the parties?"

14. "Do you or any member of your immediate family belong to any organizations which have, as a purpose, the support of police officers, and/or law enforcement agencies (i.e., the Fraternal Order of Police)?

    If no, are they any other activities in which you or an immediate family member are involved which bring you into frequent association or contact with the police?

    If yes, do you believe that you would view a claim made against a police officer or law enforcement agency less favorably because of your membership in an organization, the primary and/or incidental purpose of which is to support the police and/or law enforcement agencies?"

15. "Have you read or heard anything about this case? What have you read or heard? Could you put aside such information and any opinions you might have formed based on it, and decide this case fairly and impartially based only on the evidence and instructions given to you by the Judge? Why or Why not?"

16. "Do you have any hesitation about suing police officers who are charged with making false arrests or using too much force in making an arrest? If yes, please explain."

17. "Do you think that police officers treat people differently based on the type of neighborhood the police are in, for example, low income neighborhoods versus middle or high income neighborhoods, or low crime areas versus high crime areas? If yes, why?"

18. "Do you have any strongly held opinions or beliefs about crime, law enforcement, or police officers that you think might cause you to view the facts in this case more favorably to one party than the other, simply because that party is a police officer or has been accused of a crime?  If so, could you set aside those feelings and decide this case solely on the evidence and the law as the Judge will explain it to you?"

19. "In this case, the plaintiff is a young African-American male who was accused of several crimes, and the defendants are police officers who are Caucasian.  Do you have any strongly held opinions or beliefs about the race or status of any of the parties that you think might cause you to view the facts in this case more favorably to either party?  If so, why?  Could you set aside those feelings and decide this case solely on the evidence and the law as the Judge will explain it to you?"

20. "In this case, the plaintiff alleges that his constitutional right to be free from unreasonable searches and seizures and the use of excessive force under the 4th Amendment was violated by the defendant police officers when he was arrested.  Do you have any opinions about such claims, including that such claims should not be brought against police officers, or that the benefit of the doubt in such cases should always be with the officers or with the citizen?  If so, could you set aside those feelings and decide this case solely on the evidence and the law as the Judge will explain it to you?"

21. "If based upon the facts as found by you, and the law given to you by the Court, you conclude that Mr. Miles is entitled to damages, would you have any problem with awarding such damages, or the full amount of those damages, because of the fact that defendants in this case are police officers?  In other words, do you think your judgment as to whether the plaintiff should receive damages or the amount of those damages might be affected by the fact that the defendants are police officers?"

22. "Have any of the questions asked brought to your mind anything that you wish to volunteer?"

23. "Is there any reason you couldn't sit on this jury?"

At the conclusion of the individual voir dire, the Deputy will announce a short break to allow counsel to consider the jurors' responses. A total of 12 strikes will be made. The parties will make alternating strikes with the plaintiff proceeding first, followed by defendant Saldutte. Plaintiff will make the next strike, followed by defendant Sisak. Plaintiff will make the next strike, followed by defendant Ewing. This process will then be repeated until all strikes are made. Plaintiff will make the first, third, fifth, seventh, ninth and eleventh strike. Defendant Saldutte will make the second and eighth strike. Defendant Sisak will make the fourth and tenth strike. Defendant Ewing will make the sixth and twelfth strike. Each challenge is to be labeled (i.e. "P-1" is plaintiff's first challenge; "DE-2" is defendant Ewing's second challenge). Those stricken jurors will be removed from the jury box. The remaining panel will be the jury selected for this trial.

When seating a jury panel, the first eight (8) names from the panel of 20 seated is the PRIMARY panel. This means that if any of the first eight (8) jurors are selected for this jury, they are to remain in their seats, with the remaining jurors to fill in the rest of the panel.

If, for example, jurors 1, 3, 5 & 8 are selected, as are jurors 10, 12, 13 & 14, the panel will be seated in the following manner:

```
Juror #1 remains juror #1.
Juror #8 becomes juror #2.
Juror #3 remains juror #3.
Juror #10 becomes juror #4.
Juror #5 remains juror #5.
Juror #12 becomes juror #6.
Juror #13 becomes juror #7.
Juror #14 becomes juror #8.
```

Once the jury is seated in the jury box and the Judge is on the bench, but prior to the beginning of testimony, the jury will be given the following oath:

> "Do each of you solemnly swear or affirm that you will well and truly try the matters in issue now on trial, and render a true verdict, according to the law and the evidence, and that you do so under the pains and penalties of perjury."

After the entire case has been presented to the jury and they prepare to deliberate on the issues presented, the Clerk will be sworn in as the Bailiff by the following oath:

> "You do solemnly swear to keep this jury together in some private and convenient place, and not to permit any person to speak to, or communicate with them, nor to do so yourself unless by order of the court or to ask whether they have agreed on a verdict, and to return them into court when they have so agreed, or when ordered by the Court, so help you God."

BY THE COURT:

s/Gary L. Lancaster           ,C.J.
Hon. Gary L. Lancaster,
Chief United States District Judge

Dated: July 16, 2012