IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
JORDAN MILES,                    )
                                 )
        Plaintiff,               )
                                 )
    v.                           )   Civil Action No. 10-1135
                                 )
MICHAEL SALDUTTE, et al.         )
                                 )
        Defendants.              )
```

MEMORANDUM

Gary L. Lancaster,                              January 10, 2013
Chief Judge

    This is an action in civil rights. Miles, an African-American man, alleged that three City of Pittsburgh Police Officers violated his rights under the Fourth Amendment to the United States Constitution by subjecting him to excessive force during his arrest, and by arresting, imprisoning, and prosecuting him without probable cause.

    A jury trial began on July 16, 2012 and on August 8, 2012 the jury returned a partial verdict finding that Miles had failed to establish that the Officers maliciously prosecuted him. The jury was hopelessly deadlocked on the remaining two claims, i.e., unlawful seizure and excessive force. Before the court is Miles' motion for a new trial on all three claims. [doc. no. 216].

We will schedule a retrial of the unlawful seizure and excessive force claims. The jury was hopelessly deadlocked on both of these claims against each of the three defendant Officers and returned no verdict as to them. [doc. no. 214]. The Officers do not even argue against retrying these two claims, choosing instead to simply state that they "… defer to the Court's discretion on granting a New Trial on the remaining claims." [doc. no. 221 at p. 5]. The unlawful seizure and excessive force claims, Counts I and II of the Complaint [doc. no. 1], will be retried.

However, we will not retry the malicious prosecution claim. Miles contends that the jury's verdict on this claim should be vacated and stricken because the court improperly instructed the jury and wrongfully excluded a variety of evidence. [doc. no. 216]. Neither argument justifies retrial of the malicious prosecution claim.

First, Miles has failed to establish that we erred by not instructing the jury that it may infer the malice element of a malicious prosecution claim from a finding that the Officers did not have probable cause to file charges against him. [doc. no. 216 at ¶ 2; see also doc. no. 124 at ¶ 25]. Miles raised and argued this point at the charge conference on August 1, 2012, and failed to convince the court of the necessity of including this instruction at that time. Instead, the court

instructed the jury in accordance with the Court of Appeals for the Third Circuit's Model Civil Jury Instructions, which do not include Miles' requested instruction. Model Jury Instructions, Civil, 3d Cir., at § 4.13.

Thus, Miles' argument has already been raised before this court, and rejected. Miles has identified no additional or different facts or evidence, nor change in the law, that would warrant a different result at this juncture. Nevertheless, we have re-reviewed the case law, both that cited by Miles and that identified independently by the court, on this issue. We still find no controlling precedent that requires us to give the instruction that Miles requests. To be clear, several cases do state the common-sense, general proposition that malice may be inferred where there is a finding that the police filed criminal charges against a citizen without having probable cause to believe that the citizen committed any crime. However, none of those cases actually rely on that factual inference to establish the malice element of a malicious prosecution claim, nor direct that a jury be specifically and separately instructed of this permissible factual inference. Under the circumstances, we will not retry the malicious prosecution claim on this basis.

Second, Miles has failed to establish that a new trial is warranted because the court improperly excluded evidence. The evidence at issue included COMPSTAR reports, the testimony of Commander Brackney, alleged pending lawsuits (<u>Gray</u> and <u>Stringer</u>), and the Lamar Johnson incident and OMI investigation. The court consistently rejected Miles' repeated attempts to rely on this evidence at trial, and stated its reasons on the record at the pre-trial conference [doc. no. 185 at pp. 7-8], and during the in-chambers afternoon session on July 23, 2012. Simply put, despite his repeated efforts, Miles never established that, in the absence of a <u>Monell</u> claim, the proffered evidence was anything other than impermissible propensity evidence. Miles has failed to identify any additional or different facts or evidence, or change in the law, that would warrant a different ruling on this issue now.

Finally, even though the proffered prior bad acts evidence, and specifically, the testimony of Commander Brackney related to it, was largely excluded, we consistently held that such evidence could be used at trial to rebut or impeach. Yet Miles' counsel, who repeatedly stated their intent during the first and second week of trial to call Commander Brackney to testify, nevertheless chose to call other witnesses knowing that their time before the jury was not limitless. They were unable to call Commander Brackney as a result. To the extent that

4

Miles' counsel made this strategic decision to not prioritize the testimony of Commander Brackney, they cannot now demand a new trial based on the alleged exclusion of that witness.

For the foregoing reasons, a new trial will be scheduled on the unlawful seizure and excessive force claims. The malicious prosecution claim will not be retried.

An appropriate order reflecting these holdings will be filed contemporaneously with this opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN MILES, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 10-1135 |
| MICHAEL SALDUTTE, et al. | ) |
| Defendants. | ) |

### ORDER

AND NOW, this 16 day of January, 2013 it is HEREBY ORDERED that Miles' Motion for a New Trial [doc. no. 216] is GRANTED, in part, and DENIED, in part. The court will schedule a new trial on the unlawful seizure and excessive force claims, Counts I and II of the Complaint [doc. no. 1]. The malicious prosecution claim, Count III, will not be retried for the reasons set forth in the accompanying memorandum.

BY THE COURT,

_____, C.J.