**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JORDAN MILES,** an adult individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:10cv1135 |
| ) | **Electronic Filing** |
| **MICHAEL SALDUTTE**, **DAVID** ) | |
| **SISAK**, and **RICHARD EWING**, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

October 29, 2014

On March 31, 2014, a jury in the United States District Court for the Western District of

Pennsylvania found City of Pittsburgh police officers Michael Saldutte ("Saldutte"), David Sisak

("Sisak") and Richard Ewing ("Ewing") (collectively, the "Officers") liable under 42 U.S.C. §

1983 for the false arrest of Plaintiff, Jordan Miles ("Plaintiff" or "Miles"). The jury awarded

Miles $101,016.75 in compensatory damages and punitive damages against each of the Officers

in the amount of $6,000.00, for a total verdict amount of $119,016.75. Judgment was initially

entered against the Officers on March 31, 2014. The Judgment Order was amended on June 19,

2014, based upon a Release and Indemnification Agreement (the "Agreement") made between

the Plaintiff and the City of Pittsburgh (the "City"), and Judgment was entered against the

Officers and the City, jointly and severally.

Plaintiff has filed a Motion for Counsel Fees, Costs and Pre-Judgment and Post-Judgment

Interest, and the Officers and the City (collectively "Defendants") have filed a Motion to

Reimburse/Set-Off Pursuant to Rule 68(b).  The Defendants requested leave to respond to

Plaintiff's motion for attorney fees on the liability issue only, and the Court granted such leave.

The Court will, therefore, rule on the specific issue as to whether Defendants' Rule 68 Offer of

Judgment precludes Plaintiff from recovering attorneys' fees and costs after June 20, 2011, the date of the Offer.

On June 20, 2011, the City submitted to Plaintiff an "Amended Offer of Judgment"[1] pursuant to Rule 68 which, in pertinent part set forth the following terms:

1.      Judgment shall be entered against the City of Pittsburgh in favor of Plaintiff, Jordan Miles, in the amount of one hundred and eighty thousand dollars ($180,000.00), exclusive of counsel fees, inclusive of all claims for compensatory damages and punitive damages for the causes of action set forth in Plaintiff's pleadings in the within case and other claims, whether stated or unstated, which might have been brought in Plaintiff's Complaint.

2.      This Offer of Judgment is made for the purposes specified in Rule 68 and is not to be construed either as an admission that Defendants are liable in this action, or that Plaintiff has suffered any damage. This Offer of Judgment is conditioned upon the Plaintiff's acknowledgment that Defendants have made no admission of liability or wrongdoing.

3.      In addition to the foregoing offer, Plaintiff may petition the Court for recovery of reasonable and necessary counsel fees and costs recoverable under 42 U.S.C. § 1988 in conjunction with the within civil action.

4.      In accordance with Rule 68 of the Federal Rules of Civil Procedure, this Offer of Judgment will be deemed withdrawn unless accepted within fourteen (14) days of the date hereof. If this Offer of Judgment is not accepted as set forth above, it is the intention of the Defendants to [seek] recovery of their attorneys fees and defense costs to the fullest extent permitted by Rule 68 and Rule 11 of the Federal Rules of Civil Procedure and 42 U.S.C. § 1988.

*See* Defendants' Motion to Reimburse, Exhibit 1.  The Amended Offer of Judgment was signed by Bryan Campbell, Esquire, on behalf of the Officers, and by Michael E. Kennedy, Esquire, and Daniel D. Regan, on behalf of the City.

---

[1]     On June 13, 2011, the Defendants had submitted an Offer of Judgment in the amount of $180,000.00 which was "inclusive of all damages, monetary claims of any kind, costs of any kind and any and all attorney's fees." The Offer also required Plaintiff to agree that "the Complaint shall be dismissed, with prejudice, as to all parties and all claims." *See* Plaintiff's Brief in Opposition, Exhibit 4.  The Court is not being called upon, however, to determine the validity and application of this Offer.

2

Rule 68 provides in relevant part:

> [A] party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. . . . An unaccepted offer is considered withdrawn . . . If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

FED. R. CIV. P. 68 (a), (b) & (d).  Rule 68, therefore, permits a party defending against a claim to make a pretrial settlement offer, and if the claimant rejects the offer but then obtains a judgment that is less favorable, the claimant must pay the defending party's costs which incurred after the offer was made. The plain purpose of Rule 68 is to encourage settlement and avoid litigation. *Marek v. Chesny*, 473 U.S. 1, 5 (1985); *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits.  *Marek v. Chesny*, 473 U.S. at 5.

Because Plaintiff's recovery at trial was less than the Offer of Judgment, the Defendants request reimbursement and/or set-off for costs incurred from the time Plaintiff declined the Offer of Judgment, and oppose Plaintiff's motion for counsel fees, costs and interest that accrued after June 20, 2011.  Plaintiff argues that the Offer of Judgment is ineffective to deny his statutory right to attorney's fees because: (1) the Offer was made on behalf of the City, and no Offer of Judgment was made by the individual Officers; (2) the Offer was not apportioned among the City and the individual Officers; (3) the City's subsequent settlement with Plaintiff extinguished the Offer; and (4) the Offer was conditional.  This Court must decide whether the offer in this

3

case was valid to successfully limit Plaintiff's right to recover attorneys' fees and costs under 42

U. S. C. § 1988.[2]

      1.    <u>Judgment Against City Only</u>

    Plaintiff first argues that no Offer of Judgment was made by the Officers; the only offer

was made by the City. Specifically, Plaintiff contends:

> If the Individual Defendants had intended this Offer [of] Judgment to bind the
> Plaintiff with regard to the claims against the Individual Defendants, then those
> Defendants needed to take care in insuring that the Plaintiff understood that the
> offer being made was being made on behalf of all Defendants, and not, as the
> Offer says, by the City Defendant only . . . [I]f the Individual Defendants had
> wished to be joined to that Offer they had to make that intention abundantly clear.
> The fact that each Offer is couched as being made on behalf of the City and
> couched in terms of judgment being entered against the City only, without naming
> the Individual Defendants, and without such Offers being made by and through
> those Individual Defendants' counsel, makes the Offers unclear and highly
> ambiguous.

Plaintiff's Brief in Opposition, pp. 7 & 11.

    Rule 68 states: "a party defending against a claim may serve on an opposing party an

offer to allow judgment on specified terms . . ." FED. R. CIV. P. 68 (a). It is undisputed that the

City was a "party defending against a claim." Moreover, the terms specified by the City were: (1)

that judgment was to be entered against the City and in favor of Plaintiff in the amount of

$180,000.00; (2) including all claims for compensatory and punitive damages for the causes of

action set forth in, or which might have been brought in, Plaintiff's Complaint; (3) excluding

counsel fees; and (4) agreeing that Plaintiff may petition the Court for recovery of reasonable

and necessary counsel fees and costs recoverable under 42 U.S.C. § 1988.  Further, though the

---

[2]    Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, as amended, 42 U. S. C. §
1988, a prevailing party in a § 1983 action may be awarded reasonable attorney's fees "as part of
the costs."  42 U. S. C. § 1988 (b).

Officers are not specifically named, the Offer of Judgment referred to "Defendants" in the plural, and the Offer was submitted and signed by counsel for the City and counsel for the Officers.

Nothing in the explicit language of Rule 68 requires that in a multi-defendant case, a defending party's offer must permit taking judgment against all defendants. Instead, the Rule gives a defending party discretion to "allow judgment on specified terms," terms which need not include taking judgment against each defendant named in the action. Moreover, multiple defendants may make joint Offers of Judgment. *See Marek v. Chesny*, 473 U.S. at 3-4; *Delta Air Lines, Inc. v. August*, 450 U.S. at 350 n.5. The Supreme Court stated: "[i]f defendants are not allowed to make lump-sum offers that would, if accepted, represent their total liability, they would understandably be reluctant to make settlement offers." *Marek v. Chesny*, 473 U.S. at 6-7.

In *Stanczyk v. City of New York*, 752 F.3d 273 (2d Cir. N.Y. 2014), a case very similar to the instant matter, the Court of Appeals for the Second Circuit found a Rule 68 offer made on behalf of the City of New York and two (2) police officers by counsel for all defendants which released all defendants from liability, but offered judgment to be taken against only the City of New York, was valid. *Id.* at 283-284.  In *Stanczyk*, the plaintiff sued New York City and two police officers for violations of her civil rights, pursuant to 42 U.S.C. § 1983. A jury found the officers liable and awarded Stanczyk $55,000 in compensatory damages and $2,000 in punitive damages as against each officer. *Id.* at 275. Prior to trial, defendants had made Stanczyck a Rule 68 Offer of Judgment, specifically offering judgment to be taken against New York City, but not the individual officers, in the amount of $150,001. *Id.* at 275-276. Because the City's unaccepted offer provided for a judgment in an amount greater than that which Stanczyk obtained at trial, the district court awarded defendants costs they incurred after making the Offer. *Stanczyk v. City of NewYork*, 752 F.3d at 281.

5

On appeal, Stanczyk argued that this was improper, in part because the offer was for judgment against the City only and not the individual officer defendants.  The Second Circuit found that the offer was valid under Rule 68. *Id.* at 282. The Circuit noted that Rule 68 "provides the defending party with discretion to 'allow judgment on specified terms,'" terms which the court held "need not include taking judgment against each defendant." *Id.* at 283.  As such, the offer was valid and the award of costs was proper.

This Court also finds that Rule 68 does not require judgment against all defendants in an action involving multiple defendants.  Accordingly, the fact that the Offer of Judgment offered judgment against the City only does not invalidate the Offer.

2.     Failure to Apportion Offer

Plaintiff contends that the Offer was invalid because the Offer was not apportioned among the City and the individual Officers.  In *Le v. Univ. of Pa.*, 321 F.3d 403 (3d Cir. 2003), the Third Circuit approved use of Rule 68 cost shifting where an unapportioned offer had been made that exceeded the amount recovered, noting that the University had accepted any financial responsibility resulting from any actions by Dr. Opella and thus "the University's pocketbook and Dr. Opella's pocketbook were one and the same." *Le v. Univ. of Pa.*, 321 F.3d at 408. Specifically, the Court stated "[g]iven the single identity of the defendants, failure to apportion between the University and Dr. Opella was not fatal to the offer. A decision to the contrary could promote the addition of improper defendants so that their eventual dismissal would negate any legitimate Rule 68 offer made by the proper defendants." *Id.*

The United States Court of Appeals for the First Circuit also found that failure to apportion a Rule 68 offer in a multi defendant case was not fatal to the offer. *See King v. Rivas*, 555 F.3d 14 (1st Cir.  2009). In aligning itself with the Third Circuit's holding in *Le*, the First Circuit noted, "in multi-defendant cases where a single employer is likely to pay the bill (such as

6

one against a company and several of its officers), a full settlement will often be the only one that makes sense for the company--the likely payor--and the only one that will be forthcoming." *King v. Rivas*, 555 F.3d at 17-18. The Court further found that, under Rule 68, "an allocation requirement makes no sense. Any such allocation is nominal since it does not represent an actual offer by an individual defendant that can be accepted by the plaintiff independently of the package. Still less is there reason to believe that, if the package offer is accepted, individual defendants will bear their apportioned shares, all of which may well be paid by the employer or otherwise divided." *Id.* at 18-19.

This Court finds that failure to apportion the Amended Offer of Judgment among the City and the individual Officers is not fatal to the Rule 68 Offer.

       3.     <u>Offer Unclear and Ambiguous</u>

Plaintiff also argues that because the Officers were not individually named in the Offer of Judgment and/or did not "join" in the Offer, the Offer was rendered "unclear and highly ambiguous." Although ambiguities may invalidate an offer, an offer is valid as long as it is clear enough that the offeree can make an informed decision about whether to accept it. *See Spruill v. Winner Ford*, 1998 U.S. Dist. LEXIS 5536 at *10 (D. Del. Apr. 6, 1998) (citing JAMES WM. MOORE, 13 MOORE'S FEDERAL PRACTICE § 68.04 (3d ed. 1997)). In determining whether the City's Offer of Judgment is ambiguous, the Court must construe the Offer according to ordinary contract principles. *See Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824, 837 (6th Cir. 2005); *Struthers v. City of New York*, 2013 U.S. Dist. LEXIS 137773 (E.D.N.Y. Sept. 25, 2013); *Pirolozzi v. Stanbro*, 2009 U.S. Dist. LEXIS 25811, 4-5 (N.D. Ohio Mar. 13, 2009).

A contract contains an ambiguity "if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." *Ankerstjerne v. Schlumberger, Ltd.*, 155 Fed. Appx. 48, 49 (3d Cir. 2005). The "reasonably" qualifier is important, as there is no

ambiguity if one of the two proffered meanings is unreasonable. *See Murphy v. Duquesne Univ.*
*Of The Holy Ghost*, 777 A.2d 418, 429-430 (Pa. 2001). This question, however, cannot to be
resolved in a vacuum. Contractual terms "are ambiguous if they are subject to more than one
reasonable interpretation when applied to a particular set of facts." *Id.* (quoting *Madison*
*Construc. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999)). Moreover, courts do
not assume that a contract's language was chosen carelessly, nor do they assume that the parties
were ignorant of the meaning of the language they employed. *Steuart v. McChesney*, 444 A.2d
659, 662 (Pa. 1982). "When a writing is clear and unequivocal, its meaning must be determined
by its contents alone." *Felte v. White*, 302 A.2d 347, 351 (Pa. 1973) (quoting *East Crossroads*
*Center Inc. v. Mellon-Stuart Co.*, 205 A.2d 865, 866 (Pa. 1965)).

   As set forth above, the Plaintiff argues that the Offer of Judgment was "unclear and
highly ambiguous" and further contends that he "had no evidence that the offer made by the City
included the Individual Defendants . . ."  The Court, however, does not find the terms of the
Offer to be either unclear or ambiguous. Moreover, the Court finds no merit to Plaintiff's
argument that, because there was no indemnification agreement between the City and the
Officers at the time the Offer was made, there was no "unified front" by the City and Officers;
that the Defendants were clearly distinct parties with no financial identity.

   The plain language of the Offer sets forth that the City was allowing judgment to be
entered in favor of Plaintiff and against the City "in the amount of one hundred and eighty
thousand dollars ($180,000.00), exclusive of counsel fees, **inclusive of all claims for**
**compensatory damages and punitive damages for the causes of action set forth in Plaintiff's**
**pleadings** . . . **which might have been brought in Plaintiff's Complaint**."  The Offer expressly
covered all claims made by Plaintiff in the litigation. Further, the specific inclusion of punitive
damages in the Offer covers allegations of willful misconduct made against the Officers in the

8

Complaint regardless of the existence of an indemnification agreement.  Moreover, punitive damages in a § 1983 are unavailable against a municipality. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (U.S. 1981) (holding that "a municipality is immune from punitive damages under 42 U. S. C. § 1983.").

Paragraph 2 of the Offer states, in relevant part: "[t]his Offer of Judgment . . . is not to be construed . . . as an admission that **Defendants** are liable in this action. . . This Offer of Judgment is conditioned upon the Plaintiff's acknowledgment that **Defendants** have made no admission of liability or wrongdoing."  Paragraph 4 of the Offer is also written in terms of "Defendants," stating in relevant part: "[i]f this Offer of Judgment is not accepted as set forth above, it is the intention of the **Defendants** to [seek] recovery of their attorneys fees and defense costs . . ." This Court cannot assume that the term "Defendants" was chosen carelessly or without regard to its clear meaning. At the time the Offer was made then, the City had accepted any financial responsibility resulting from any actions by the Officers and Defendants were in fact presenting a "unified front." Reading the instrument as a whole, understanding that it is not beyond the realm of reason that a municipal entity would pay a judgment on behalf of its employee officers, and noting that counsel for the Officers signed the Offer on behalf of the Officers, the Court finds that the Amended Offer of Judgment was not ambiguous and was meant to encompass all claims made by the Plaintiff against all the Defendants and, if accepted, was meant to end the litigation.

4.   <u>Offer Was Conditional</u>

Plaintiff argues that the Offer was conditional and, therefore, invalid.  Paragraph 2 made the Offer conditional "upon the Plaintiff's acknowledgment that Defendants have made no admission of liability or wrongdoing."  Such argument fails because a Rule 68 offer "can also disclaim liability while offering that judgment be entered as so specified." *Dee v. Borough of*

9

*Dunmore*, 2013 U.S. Dist. LEXIS 25273, 15 (M.D. Pa. Feb. 25, 2013) (quoting 12 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3002 (2d ed. 1983)).

     5.    <u>The Effect of the City's Settlement with Plaintiff</u>

Finally, the Plaintiff contends that the City's Offer of Judgment was extinguished when it settled with Plaintiff in January of 2012. Plaintiff's position has no support under Rule 68, and is contrary to the position he took at the time of settlement.

On January 16, 2012, the City and the Plaintiff entered into the Agreement under which the City agreed to pay the Plaintiff $75,000.00 and agreed to pay on behalf of the individual Defendants "the full and total amount of any and all compensatory and punitive damages . . . determined by the Jury to be due and owing to [Plaintiff]" and "the full and total amount of any and all Attorneys' fees and costs . . . determined to be due and owing to [Plaintiff]." *See* Defendants' Exhibit 3, pp. 2-3. In return, Plaintiff agreed to dismiss with prejudice all claims in this action against the City.

The Plaintiff also expressly acknowledged and agreed that:

> [T]he City has made a Rule 68 Offer of Judgment. This settlement agreement, and the Seventy-Five Thousand Dollar ($75,000.00) payment made therein, **will have no effect on the Rule 68 offer, and any calculations or determinations of Attorneys' Fees due and owing that may be undertaken.** Plaintiff and his counsel may not add the Seventy-Five Thousand Dollar ($75,000.00) to any verdict amount ultimately arrived at by the jury, in an effort to surpass, defeat or "top" the dollar figure of the Rule 68 offer, in relation to any claims for attorneys' fees.

*See* Defendants' Exhibit 3, p. 3. The Plaintiff clearly acknowledged the validity of the Rule 68 Offer made by the City and agreed on its effect on any verdict determined by the jury and its effect on the determination of attorneys' fees. He cannot now take a position contrary to the express agreement previously made. Accordingly, the Court finds that the City's Offer of

10

Judgment was not extinguished, or otherwise affected, by the subsequent settlement between the City and the Plaintiff.

Further, the Court's primary concern in enforcing Rule 68 cost-shifting is the comparability between a Rule 68 Offer and the plaintiff's ultimate recovery. *King v. Rivas*, 555 F.3d 14, 19 n.5 (1st Cir. 2009). It is the defendant's burden to establish the comparability of the offer and the ultimate judgment. *See, e.g., King v. Rivas*, 555 F.3d at 19 n.5; *Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 231 (2d Cir. 2006) ("In determining the value of the relief, the defendant bears the burden of showing that the Rule 68 offer was more favorable than the judgment.") (citing 12 CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3006.1 (2d ed.1997)).

Because the Court finds the Offer is valid, the Offer must be compared to the judgment Plaintiff obtained after trial. *Le v. Univ. of Pa.*, 321 F.3d at 409. If the judgment is not more favorable than the unaccepted Offer, Plaintiff must pay the costs Defendants incurred after the Offer was made. Fed. R. Civ. P. 68(d). As is the case in this instance, "[i]f the offer is for a set amount in compensation and leaves costs for determination by the court, there is little problem of comparing that damage figure with the judgment." 12 WRIGHT, MILLER & MARCUS § 3006.1; *see also Le v. Univ. of Pa.*, 321 F.3d at 409.

The jury awarded Plaintiff $101,016.75 in compensatory damages and $18,000 in punitive damages for a total award of $119,016.75. Judgment was entered against the Officers and the City, jointly and severally, upon the Agreement entered between Plaintiff and the City. Because it was "expressly understood" that the $75,000 payment to Plaintiff was "for partial reimbursement for Plaintiffs' attorneys' fees and costs incurred to date" and because the parties agreed such payment had no effect on the City's Offer, *see* Defendants' Exhibit 3, p. 3, the Court must merely compare the Rule 68 Offer, $180,000, to the amount of the verdict. The City's

11

unaccepted offer provided for a judgment in an amount greater than that which Plaintiff obtained at trial, therefore, Rule 68 dictates that Plaintiff is responsible for Defendants' costs, excluding attorneys' fees, incurred after June 20, 2011, and precludes Plaintiff from recovering attorneys' fees and costs after June 20, 2011.

Accordingly,

**ORDER OF COURT**

AND NOW, upon consideration of Defendants' Motion to Reimburse and/or Set off Costs Incurred after Rule 68(d) Offer Was Declined (**Document No. 309**) and Plaintiff's Motion for Attorney's Fees, Costs and Pre- and Post-Judgment Interest (**Document No. 311**), and the briefs filed in support thereof, in accordance with the accompanying Memorandum,

IT IS HEREBY ORDERED that Defendants' motion is **GRANTED** to the extent that Defendants are entitled to their costs, excluding attorneys' fees, incurred after June 20, 2011, pursuant to Rule 68 of the Federal Rules of Civil Procedure.  Plaintiff's motion is granted in part and denied in part.  Plaintiff's motion is **GRANTED** to the extent he seeks attorneys' fees and costs incurred before June 20, 2011.  The motion is **DENIED** in all other aspects.

IT IS FURTHER ORDERED that the parties refile their motions seeking fees and costs consistent with this Memorandum Order within fourteen (14) days from the date of this Order. Responses in opposition shall be filed within fourteen (14) days thereafter.

<u>s/ DAVID STEWART CERCONE</u>
David Stewart Cercone
United States District Judge

cc:     Joel S. Sansone, Esquire
        Robert M. Giroux, Esquire
        Michael E. Kennedy, Esquire
        Bryan Campbell, Esquire
        James A. Wymard, Esquire

Robert R. Leight, Esquire
(*Via CM/ECF Electronic Mail*)