## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JORDAN MILES,** an adult individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10cv1135 |
| | ) | **Electronic Filing** |
| **MICHAEL SALDUTTE**, **DAVID** | ) | |
| **SISAK**, and **RICHARD EWING**, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

August 24, 2015

On March 31, 2014, a jury in the United States District Court for the Western District of Pennsylvania found City of Pittsburgh police officers Michael Saldutte ("Saldutte"), David Sisak ("Sisak") and Richard Ewing ("Ewing") (collectively, the "Officers") liable under 42 U.S.C. § 1983 for the false arrest of Plaintiff, Jordan Miles ("Plaintiff" or "Miles"). The jury awarded Miles $101,016.75 in compensatory damages and punitive damages against each of the Officers in the amount of $6,000.00, for a total verdict amount of $119,016.75. Judgment was initially entered against the Officers on March 31, 2014. The Judgment Order was amended on June 19, 2014, based upon a Release and Indemnification Agreement (the "Agreement") made between the Plaintiff and the City of Pittsburgh (the "City"), and Judgment was entered against the Officers and the City, jointly and severally.

On October 29, 2014, this Court entered a Memorandum Order finding that the unaccepted Rule 68 Offer of Judgment submitted on June 20, 2011, in the amount of $180,000, provided a judgment in an amount greater than that which Plaintiff obtained at trial. Accordingly, Plaintiff was responsible for Defendants' costs, excluding attorneys' fees, incurred after June 20, 2011, and Plaintiff was precluded from recovering attorneys' fees and costs after June 20, 2011.

Plaintiff has filed a Renewed Motion for Attorney's Fees, Costs and Pre-Judgment and Post-Judgment Interest, Defendants have responded and the motion is now before the Court.

Defendants contend that Plaintiff has failed to provide a factual basis for the "extraordinary" rates claimed and to substantiate numerous time entries, and request that this Court deny the motion or, in the alternative, carefully scrutinize and significantly reduce the amount requested.  Plaintiff is requesting $131,959.45, consisting of attorneys' fees, costs, and interest.  Plaintiff seeks a fee award of $95,940 on behalf of two attorneys, Timothy P. O'Brien and J. Kerrington Lewis. Attorney O'Brien seeks to recover for 20.4 hours of work at the rate of $525 per hour for a total of $10,710. Attorney Lewis seeks to recover for 142.05 hours at a rate of $600 per hour for a total of $85,230.

The award of attorneys' fees and costs is authorized pursuant to 42 U.S.C. § 1983 and the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988. Specifically, 42 U.S.C. § 1988 provides that in any action brought pursuant to § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . " 42 U.S.C. § 1988(b). Attorney fee awards pursuant to § 1988 are based on the lodestar, which is the product of the attorney's hours and rate. There is a strong presumption that the lodestar is a reasonable fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). Nevertheless, a court may adjust this figure upward or downward when the lodestar is unreasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The attorney's reasonable hourly rate is the prevailing rate in a legal market for an attorney of similar experience and skill. *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001).  "[A] district court may not set attorney's fees based upon a generalized sense of what is customary or proper, but rather must rely upon the record." *Coleman v. Kaye*, 87 F.3d 1491, 1510 (3d Cir. 1996).  A reasonable hourly rate should be determined by examination of the

prevailing market rates in the relevant community at the time of the fee petition, not the time the legal services were performed. *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001).

The attorney's customary billing rate is the proper starting point for calculating fees, but this is not dispositive. *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Cunningham v. City of McKeesport*, 753 F.2d 262, 268 (3d Cir. 1985). The court must "assess the experience and skill of the prevailing party's attorney[] and compare [his] rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The party seeking to recover attorney's fees has the initial burden of "producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case." *Lanni v. New Jersey*, 259 F.3d at 149; *also see L.J. ex rel. V.J. v. Audubon Bd. of Educ.*, 373 Fed. App'x  294, 296 (3d Cir. 2010).  This burden is normally addressed by submitting affidavits of other attorneys in the relevant legal community attesting to the range of prevailing rates charged by attorneys with similar skill and experience." *Roccisano v. Twp. of Franklin*, 2015 U.S. Dist. LEXIS 75622 *10 (D.N.J. June 11, 2015) (quoting *S.D. Manville Bd. of Educ.*, 989 F. Supp. 649, 656 (D.N.J. 1998)). The defendant may contest the plaintiff's prima facie case only with appropriate record evidence, and in the absence of such evidence, the petitioner must be awarded fees at the requested rate. *Smith v. Phila. Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997).

Here, Defendants urge this Court to reduce Attorney O'Brien hourly rate from $525 to $400 per hour and Attorney Lewis' hourly rate from $600 to $300 per hour. In support of such reductions, Defendants argue that Plaintiff has failed to meet his burden of proof because he submitted only the affidavits of Attorneys O'Brien and Lewis and did not submit affidavits from

other attorneys attesting to the reasonableness of their hourly rate[1]. Indeed, "[a]n attorney's

showing of reasonableness must rest on evidence other than the attorney's own affidavits."

*Holmes ex rel. Holmes v. Millcreek Twp. Sch. Dist.*, 205 F.3d 583, 595 (3d Cir.  2000) (citing

*Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)).

　　　The Court agrees that plaintiff has failed to meet his burden with regard to the reasonable

market rate for similar litigation in the relevant legal community. This Court finds, however, that

Defendants have also failed to demonstrate that the significant reduction in hourly rates they seek

is appropriate.  Defendants have submitted affidavits describing hourly rates that have been

previously requested in civil rights cases in this Court, as well as affidavits previously filed in

support of such requests. None of Defendants' submissions, however, reflect rates requested

and/or awarded during the time relevant to Plaintiff's fee petition herein. Moreover, this Court

gives no weight to the affidavit submitted by Attorney Bryan Campbell as Attorney Campbell

defends civil rights actions which reflects an entirely different circumstance as those attorneys

who represent plaintiffs in § 1983 cases. "A reasonable fee is that which is sufficient to induce a

capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v.

Kenny A.*, 559 U.S. 542, 552 (2010); *see also Pennsylvania v. Delaware Valley Citizens' Council

for Clean Air*, 478 U.S. 546, 565 (1986) ("[I]f plaintiffs . . . find it possible to engage a lawyer

based on the statutory assurance that he will be paid a 'reasonable fee,' the purpose behind the

fee-shifting statute has been satisfied").

　　　The Court notes, however, that the affidavit of Michael E. Kennedy, Associate Solicitor

of the City of Pittsburgh, shows rates that were approved in 2010, and which this Court finds

---

[1]　　Plaintiff submitted two affidavits from local lawyers, however they pertain exclusively to
the skills and reputation of Plaintiff's current active counsel, Attorney Joel Sansone, not to
Attorneys O'Brien and Lewis.

pertinent, as follows: (1) Attorney Witold Walczak (23 years of practice) - $450[2]; (2) Attorney

Michael Healey (32 years of practice) - $400; (3) Attorney Jules Lobel (32 years of practice) -

$450; and (4) Samuel Cordes (18 years of practice) - $425. Moreover, in 2007 Attorney O'Brien

requested hourly rate of $400 was found reasonable by former United States District Judge

Donald E. Ziegler, who was acting as Arbitrator, in the case of *McNeiily v. City* of Pittsburgh,

Civil Action 06-1685 in the Western District of Pennsylvania.

The Court finds Attorney O'Brien to be an attorney with experience and skill similar to

that of Attorney Walczak.  Defendants' request that Attorney O'Brien's hourly rate be reduced to

$400, therefore is unreasonable.  As indicated above, Attorney O'Brien was approved for a $400

per hour rate more than eight (8) years ago, and Attorney Walczak was awarded an hourly rate of

$500 more than three (3) years ago.  Accordingly, this Court finds that Attorney O'Brien's

requested hourly rate of $525 is reasonable in this instance.

With regard to Attorney Lewis, however, the Court finds the requested hourly rate of

$600.00 to be unreasonable.  There is no evidence that $600 per hour is the prevailing rate in this

legal market for an attorney of similar experience and skill.  Moreover, although Attorney Lewis

has over forty (40) years of experience, the Court is unable to discern how much of that

experience was with civil rights cases.  This Court is certainly aware, however, that Attorney

Lewis is an accomplished trial attorney having successfully tried cases involving claims for

negligence, malpractice, products liability, as well as civil rights. This Court, therefore, finds that

a reasonable hourly rate for Attorney Lewis in this matter is $450.

---

[2]     On January 25, 2012, Chief Judge Gary L. Lancaster awarded Attorney Walczak an hourly
rate of $500. *See Fross v. County of Allegheny*, No. 08-cv-1405, 2012 U.S. Dist. LEXIS 8785
(W.D. Pa. Jan. 25, 2012).

The Court must now examine the hours of work performed by Plaintiff's attorneys as a court must be careful to exclude from counsels' fee requests "hours that are excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. at 434.  Having reviewed the submissions of Attorneys O'Brien and Lewis, the Court will either reduce or deny the following as either tasks that could have been performed by administrative assistants, paralegals, or secretaries, or because the amount of time requested is unreasonable for the task performed.

(1)     Lewis' entries dated 1/27/10, 2/3/10, 12/21/10, and 3/18/11, with regard to drafting letters with respect to medical records – total of 2.2 hours are denied;

(2)     Lewis' entries dated 9/1/10 with regard to drafting letters to each Defendant to be sent with the Complaint – total of 1.0 hour is reduced to 0.5 hour;

(3)     Lewis' entry dated 10/14/10, does not reveal the service performed - 0.8 hours is denied;

(4)     Lewis' entry dated 10/15/10, reviewing the entry of appearance of defense counsel – 0.2 hours is denied;

(5)     Lewis' entry dated 1/20/11 – "Draft, review and revise letter to R. Paul McCauley. Ph.D." with listed enclosures - 3.0 hours is denied; and

(6)     Lewis' entries dated 2/23/11, 3/24/11,5/10/11, and 5/18/11 with regard to drafting letters to accompany discovery requests-total of 1.7 hours are denied.

The number of hours requested by Attorney Lewis, 142.05, shall be reduced by 8.4 hours for a total of 133.65 hours.

The lodestar amounts for Plaintiff's attorneys are approved as follows: (1) Attorney O'Brien - 20.4 hours at $525.00 per hour for a total of $10,710.00; and (2) Attorney Lewis- 133.65 hours at $450 per hour for a total of $60,142.50. The total amount of attorney fees allowable for Plaintiff's attorneys is $70,852.50.

Plaintiff is also seeking $5,567.25 in litigation costs. In *West Virginia University Hospitals, Inc. v. Casey*, 499 U.S. 83 (1991), the Supreme Court of the United States held that the word "costs" in section 1988 referred to the taxable costs referenced in Rule 54(d)(1) of the Federal Rules of Civil Procedure and enumerated in 28 U.S.C. § 1920.  Covered expenses include reproduction expenses, telephone expenses of the attorney, travel time and expenses of the attorney, and postage. *See D'Orazio v. Wash. Twp.*, 2011 U.S. Dist. LEXIS 146635 (D.N.J. Dec. 21, 2011) (*Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1224 (3d Cir. 1995)). Also included as costs under § 1920 are fees of the clerk and marshal, fees for printed or electronically recorded transcripts, docket fees under section 28 U.S.C. § 1923. *See* 28 U.S.C. § 1920.

Plaintiff is seeking $3,500.00 for his expert's services. The Supreme Court has held that "attorney's fees and expert fees are distinct items of expense" and that "neither statutory nor judicial usage regarded the phrase 'attorney's fees' as embracing fees for experts' services." *West Virginia University Hospitals, Inc. v. Casey*, 499 U.S. at 92, 96. While the Civil Rights Act of 1991 amended § 1988 to permit the award of expert fees, this amendment applies only to claims brought under 42 U.S.C. §§ 1981 or 1981a, and is not applicable to this § 1983 case. *See* 42 U.S.C. § 1988(c); *see also Roccisano v. Twp. of Franklin*, 2015 U.S. Dist. LEXIS 75622, 56-57 (D.N.J. June 11, 2015); *Vassallo v. Fox*, 2005 U.S. Dist. LEXIS 5479 (E.D. Pa. Apr. 5, 2005). Plaintiff, therefore, is not entitled to $3,500 for expert compensation.

Plaintiff has also requested $583.00 for "Hawk Investigations."  Plaintiff, however, has included neither an invoice from Hawk, nor an explanation of the investigative services rendered.  The request for $583.00 in costs is denied.  The total amount allowable as costs is $1,484.25.  The total amount of attorney fees and costs allowable is $72,336.75.

Plaintiff is also seeking pre- and post-judgment interest on the fees and costs assessed. Plaintiff is not entitled to pre-judgment interest on his reasonable attorney fees and costs, and

post-judgment interest, at the appropriate federal rate, will be assessed on the net amount[3] of fees

and costs due Plaintiff from the date the Court enters the order assessing costs and attorney fees

in his favor. Because Defendants have paid Plaintiff an amount in excess of the allowable fees

and costs, his request for post-judgment interest must be denied at this time.

Accordingly,

ORDER OF COURT

AND NOW, upon consideration of Plaintiff's Renewed Motion for Attorney's Fees,

Costs and Pre-Judgment and Post-Judgment Interest (**Document No. 330**), Defendants' response

thereto, and the briefs filed in support thereof, in accordance with the accompanying

Memorandum,

IT IS HEREBY ORDERED that Plaintiff's motion is granted in part and denied in part.

Plaintiff's motion for attorney fees and costs is **GRANTED** as follows: (1) Plaintiff is awarded

$70,852.50 in reasonable attorney fees; and (2) Plaintiff is awarded $1,484.25 in litigation costs.

The motion is **DENIED** in all other aspects.

> s/ DAVID STEWART CERCONE
> David Stewart Cercone
> United States District Judge

cc:     Joel S. Sansone, Esquire
        Robert M. Giroux, Esquire
        Michael E. Kennedy, Esquire
        Bryan Campbell, Esquire
        James A. Wymard, Esquire
        Robert R. Leight, Esquire
        (*Via CM/ECF Electronic Mail*)

---

[3]     On January 16, 2012, the City and the Plaintiff entered into a Settlement Agreement under which the City of Pittsburgh agreed to pay the Plaintiff $75,000.00 "for partial reimbursement for Plaintiffs' attorneys' fees and costs incurred to date". *See* Document No. 317, Exhibit 3.